UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

        Plaintiffs,

v.                                          Case No. 3:10-cv-138-REP

MARK A. CAREY, *et al*.

        Defendants.

## MOTION FOR JUDGMENT ON SETTLEMENT AND MEMORANDUM IN SUPPORT MOTION

COME NOW Plaintiffs Noel Bralley, Carolyn Bralley and Braxton Bralley, by counsel, and move the Court for entry of judgment summarily in their favor in the amount of $15,000.00, and in the amount of $1,922.50 in counsel fees, and in support of their motion state the following:

    1.    Plaintiffs reached a settlement with Defendants Mark Carey and The Law Offices of Mark A. Carey, P.C. on April 22, 2010, and notified the Court of the settlement.

    2.    Under the terms of the settlement agreement, Defendants agreed to pay an amount of $15,000.00; with $7,500.00 to be paid on or before April 30, 2010 and the remaining $7,500.00 to be paid on or before May 30, 2010.  Further under the terms of the settlement, if The Law Offices of Mark A. Carey, P.C. and Mark A. Carey fail to pay the agreed amount of $15,000.00 on or before May 30, 2010, the Plaintiff, after giving written notice by first class mail to the Defendants, in care of Robert R. Musick, Esq., ThompsonMcMullan, P.C., shall

automatically become entitled at that time to reinstate this action and to the summary entry of judgment against the Defendants, jointly and severally, for any remaining unpaid amounts, plus interest, and the attorney's fees, costs, and expenses of collection. Finally, the Plaintiffs are to be granted leave to reinstate this action on the docket in order to obtain judgment as provided herein, and for judgment enforcement purposes, in the event the Defendants do not pay as agreed herein. Plaintiffs are entitled to recover their attorney's fees, costs, and expenses of collection.

3. Since April 22, Defendants Mark Carey and The Law Offices of Mark A. Carey, P.C. have advised Plaintiffs, through counsel, that they will not honor the terms of the settlement.

4. Plaintiffs seek judgment in the amount of $15,000.00 for affirmative relief against Defendants Mark Carey and The Law Offices of Mark A. Carey, P.C., jointly and severally.

5. Plaintiffs also seek judgment in the amount of $1,922.50, as their costs and attorneys' fees incurred in seeking to enforce the settlement.

## MEMORANDUM IN SUPPORT

## THIS AGREEMENT IS ENFORCEABLE SUMMARILY

Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing. Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988). When the court is satisfied that a settlement agreement existed, it will enforce its terms. Kelly v. Jormandy, 2005 U.S. Dist. Lexis 29901 (W.D. Va. 2005). As a matter of policy, settlement benefits parties and conserves judicial resources, and is therefore favored by the Fourth Circuit. U.S. ex rel. McDermitt, Inc. v. Centex-Simpson Const., 34 F. Supp. 2d 397, 399 (N.D. W. Va. 1999). When a settlement is reached in a case pending before it, a trial court has the authority to enforce the terms of that settlement. Clayton v. Ameriquest Mortgage, 2004 U.S. Dist. Lexis 5705 (M.D. N.C., 2004). "A trial court has the power to summarily enforce a

settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). There is a strong public policy to encourage settlements and thereby avoid wasteful litigation. "Should a court system awash in backlog delay further the disposition of a case where there is convincing proof that a settlement has been reached?" Janneh v. GAF Corp., 887 F. 2d 432 (2d Cir. 1989). "As any litigator or judge can attest, the best case is a settled case....In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 852, 857 (1st Cir. 1987).

Settlement agreements are favored by the courts, which have inherent power to enforce such agreements summarily, even if they are not reduced to writing. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.), cert. denied, 429 U.S. 862 (1976); Autera v. Robinson, 419 F.2d 1197 (D.C. Cir. 1969). DiMartino v. City of Hartford, 636 F. Supp. 1241, 1244 (D. Conn. 1986). The agreement in this case was made orally and confirmed in writing. No further writing was needed to effectuate it. Dependahl v. Falstaff Brewing Co., 448 F. Supp. 813 (E.D. Mo. 1978); Read v. Baker, 438 F. Supp. 737 (D.Del. 1977).  Oral agreements settling legal disputes are enforceable in Virginia, even when it is contemplated that a written agreement will be executed and one of the parties attempts to pull out before everyone signs off on the documents.  Snyder-Falkingam v. Stockburger, 249 Va. 376, 457 S.E.2d 36 (1995).

More specifically, the agreement in this case was made orally and confirmed by e-mail. As shown by Exhibit A, the self-explanatory email exchange between counsel, which shows:

> 1. Mr. Musick, counsel for the Mark Carey Defendants, sent Mr. Carey a proposed Consent Order on April 22, the day the parties reached a

    settlement agreement.

 2. Mr. Pittman, counsel for the Plaintiffs, sent Mr. Musick proposed edits later on April 22.

 3. The edits were agreeable to Mr. Musick.

 4. The Carey Defendants have failed to sign the Consent Order, the terms of which memorialized the settlement between the Plaintiffs and Mark A. Carey and The Law Offices of Mark A. Carey, P.C.

No further writing was needed to effectuate it. Britto v. Salius, 2010 U.S. App. LEXIS 660 (2d Cir. Jan. 12, 2010) (unpublished) ("In this case the agreement was a simple exchange of cash for termination of the lawsuit, and had no far-reaching effects. On balance, there is no indication that the parties did not intend to be bound by the agreement they reached at the May 19 settlement conference"); Dependahl v. Falstaff Brewing Co., 448 F. Supp. 813 (E.D. Mo. 1978); Read v. Baker, 438 F. Supp. 737 (D. Del. 1977). Summary enforcement is the norm. Meetings & Expositions, Inc., 490 F.2d at 717.

 Once an agreement is reached, the parties cannot rescind the same. Kelly v. Greer, 365 F.2d 669 (3d Cir. 1966). The Court enforces the agreement because the parties are bound by its terms. Kohl Indus. Park v. County of Rockland, 710 F.2d 895, 903-04 (2d Cir. 1983). "Courts are wary of disturbing settlements, because they represent compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence." Anita Foundations v. ILGWU Nat'l Retirement F., 902 F.2d 185, 190 (2d Cir. 1990). It is beyond a court's discretion to alter the terms or refuse to enforce a settlement, absent special circumstances not present here, such as illegality or fraud. In re Air Crash Disaster, 687 F.2d 626 (2d Cir. 1982).

Plaintiffs are entitled to the summary entry of judgment for the settlement amount of $15,000.00, plus interest, and the time expended preparing this motion moving this Court for judgment on the settlement amount and terms.  Plaintiffs seek to be compensated in the amount of $1,922.50 for 5.3 hours expended in the preparation of this motion, at the hourly rates of $425 for attorney time and $125 for paralegal time. Counsel has not submitted "Johnson factors" (Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)) papers, and would promptly do so should the Court so direct. Counsel submits that his hourly rate is within the range of typical billing rates within the Richmond Division. Telecommunication Systems, Inc. v. Mobile 365, Inc., 2009 WL 5943235, * 13 fn 12 (E.D.Va.), and has been awarded by this court in Baskin v. Joseph Vanderbilt and JV Warner & Associates, LLC, Civil Action No. 3:08cv366, October 23, 2008.  Copy attached as Exhibit B. This is itemized as follows:

| Date | Description | Hours | Amount | Lawyer |
|---|---|---|---|---|
| 4/28/10 | Review file. Prepare follow up letter to Bert Musick re. settlement. | 0.40 | $170.00 | DWP |
| 4/29/10 | Phone from Bert Musick to advise that he is having a hard time with his client, who is trying to back out on the settlement agreement. | 0.20 | 85.00 | DWP |
| 4/29/10 | Review email and letter from Bert Musick regarding his client's apparent refusal to honor terms of the settlement agreement. | 0.20 | 85.00 | DWP |
| 4/29/10 | Prepare draft of Motion for Judgment on Settlement | 0.40 | 50.00 | KGP |
| 4/30/10 | Email exchanges with Bert Musick and Skip Neal regarding the present status of this case. | 0.20 | 85.00 | DWP |
| 5/6/10 | Phone to Bert Musick to discuss how to proceed in light of Mr. Carey's apparent refusal to honor the terms agreed to in settlement of this case. Work on draft motion and supporting memorandum for judgment on the settlement. | 1.20 | 510.00 | DWP |
| 5/6/10 | Proof and edit Motion for Judgment on Settlement and memo in support. Compile time | 0.30 | 37.50 | KGP |

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| | associated with preparation of memo. | | | |
| 5/8/10 | Complete motion and supporting memorandum seeking judgment on the settlement between plaintiffs and the Mark A. Carey defendants. | 1.60 | 680.00 | DWP |
| 5/10/10 | Final edit and complete of motion for judgment on the settlement and memorandum in support | 0.40 | 170.00 | DWP |
| 5/10/10 | Make edits to Motion to Enforce Settlement | 0.20 | 25.00 | KGP |
| 5/10/10 | Final edit on Motion for Judgment on Settlement. Update fees & costs. | 0.20 | 25.00 | KGP |
| | TOTAL - | 5.3 | $1922.50 | |

Plaintiffs therefore seek the entry of judgment in their favor in the amount of $16,922.50, plus interest.

## **CONCLUSION**

The Court should enter judgment for Plaintiffs as requested, for the $15,000.00, plus interest, and for the $1,922.50 in fees, jointly and severally against Defendants Mark A. Carey, and the Law Offices of Mark A. Carey, P.C., and for such other relief which to the Court may seem appropriate. Courts have inherent power to grant attorneys fees for failure to honor a settlement agreement. Schmidt v. Zazzara, 544 F.2d 412 (9th Cir. 1976).

In accordance with the provisions of Rule 69, Plaintiffs request that this case remain pending on the docket for judgment enforcement purposes.

Wherefore, Plaintiffs Noel Bralley, Carolyn Bralley and Braxton Bralley request that the Clerk enter judgment on the settlement in their favor against Defendants Mark Carey and The

Law Offices of Mark A. Carey, P.C., in the amount of $16,922.50, plus interest, and that they be awarded such other relief which to the Court may seem appropriate.

                                                Respectfully submitted,
                                                Noel Bralley
                                                Carolyn Bralley
                                                Braxton J. Bralley
                                                By Counsel

_/s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Noel Bralley, Carolyn Bralley,
and Braxton J. Bralley
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of May, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties entitled to receive such notice, including the following:

> Robert R. Musick, Esquire
> ThompsonMcMullan, P.C.
> 100 Shockoe Slip
> Third Floor
> Richmond, Virginia 23219
> *Counsel for Mark A. Carey and The Law Offices of Mark A. Carey P.C.*

> /s/_____
> By: Dale W. Pittman, VSB#15673
> Counsel for Noel Bralley, Carolyn Bralley, and Braxton J. Bralley
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.
> The Eliza Spotswood House
> 112-A West Tabb Street
> Petersburg, VA 23803
> (804) 861-6000
> (804) 861-3368 (Fax)
> dale@pittmanlawoffice.com