

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOEL BRALLEY,
et al.,

    Plaintiffs,

v.                               Civil Action No. 3:10cv138

MARK A. CAREY,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR JUDGMENT ON SETTLEMENT (Docket No. 12), following briefing and an evidentiary hearing. For the reasons set forth below and on the record on November 5, 2010, the motion is granted and the settlement agreement will be enforced.

## FINDINGS OF FACT

The plaintiffs, Noel Bralley, Carolyn Bralley and Braxton Bralley, filed an action against Mark A. Carey, a lawyer, and the Law Offices of Mark A. Carey, P.C., and other defendants. All other defendants were dismissed some time ago. The Complaint asserted several claims under the Fair Debt Collection Practices Act. Robert R. Musick, Esquire, of the law firm ThompsonMcMullan, P.C. represented Mr. Carey individually and his law offices. Dale W. Pittman, Esquire represented the plaintiffs. The parties, through counsel who were authorized so to do, reached a

verbal settlement. It is not disputed that the four terms upon which agreement was had were as follows:

1. Payment of $15,000, payable in two payments of $7,500;

2. Said payments would be made thirty days apart;

3. Mark A. Carey would personally guaranty payment of the settlement amounts;

4. A settlement agreement would be worked out by counsel.

That agreement is confirmed by the plaintiffs' motion, by the defendants' memorandum opposing enforcement of the settlement, by the testimony of Mr. Musick, and by the testimony of Mark A. Carey. It also is confirmed by the emails attached to the motion as Exhibit A reflecting the discussions between Messrs. Musick and Pittman pursuant to which settlement was reached.

Mr. Pittman drafted the settlement agreement in the form of a Consent Order which he forwarded to Mr. Musick. The Consent Order contained several terms in addition to the four set forth above, namely: (1) a release of the defendants by the plaintiffs; (2) a release of the plaintiffs by the defendants; (3) a provision permitting the automatic reinstatement of the case if the payments were not timely made and, relatedly, the defendants' consent to the summary entry of judgment for the remaining unpaid settlement; and (4) a provision that the plaintiffs were entitled to attorneys' fees, costs and expenses of collection in the event

it was necessary to reinstate the matter on the docket. It is undisputed that Messrs. Musick and Pittman did not mention those terms in their verbal agreement. Mr. Carey testified that he objected to all of those four terms except the provision for the release by the plaintiffs of the defendants.[1] Mr. Carey did not contest that Mr. Musick was authorized to agree to the four terms to which there was verbal agreement.

The foregoing facts are clearly established and they provide the basic framework within which to decide the motion to enforce the settlement.

## DISCUSSION

A settlement agreement is a contract, and disputes respecting settlement agreements are resolved according to the principles applicable to contracts generally. <u>Silicon Image, Inc. v. Genesis Microchip, Inc.</u>, 271 F. Supp.2d 840, 847-48 (E.D. Va. 2003) (internal citations omitted), <u>aff'd</u>, 176 F. Appx. 109 (Fed. Cir. 2006). Because the dispute over this settlement concerns an agreement to settle an action arising under the

---

[1] Mr. Carey testified that he opposed giving releases to the plaintiffs because it would forfeit the underlying claim of his clients. Quite clearly, that would not be the case because the release provided in the proposed Consent Order would be given only by the defendants (Mr. Carey and his law firm) and not by their clients. Hence, the Court finds this proffered reason unbelievable. Mr. Carey's credibility is further called into question by his admission that he had been disciplined by a bar association in Tennessee for lying to his employer, a district attorney in Tennessee.

3

federal law as to which federal litigation already in progress, federal common law principles apply to the resolution of the dispute. Ganewell Mfg., Inc. v. HVAC Supply, Inc., 715 F.2d 112, 115-16 (4th Cir. 1983). Of course, forum state's law of contracts also is appropriately part of the analytical calculus. Auer v. Kawasaki Motors Corp., USA, 830 F.2d 535, 538 (4th Cir. 1987); Dunkin' Donuts, Inc. v. Lavani, 86 F.3d 1149 (table), 1996 W.L. 276990 (4th Cir. 1996). The parties are not in disagreement respecting the applicable law.

The party seeking to enforce the settlement agreement has the burden to prove that there is an agreement and its terms. Baldwin v. Baldwin, 603 S.E.2d 172, 174 n.1 (Va. Ct. App. 2004). The task of the Court is to determine whether there was an agreement and, if so, what its terms were. See Wood v. Va. Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975) ("The task of the district court . . . is to find . . . the terms of the complete settlement agreement, or determine that there was none.") In essence, then, there must be a "meeting of the minds as to the terms of the agreement." See Silicon Image, 271 F. Supp. 2d at 851.

The analysis here is an uncomplicated one. There are four terms to which there is no dispute, and a settlement agreement was reached by lawyers authorized to agree to those four terms. Three of those terms are not at play in the analysis here.

However, the defendants assert that, because there is no written settlement agreement, there is no settlement. This issue was discussed directly and resolved thoroughly in Dunkin' Donuts. There, Dunkin' argued that the district court erred in not applying a presumption under Virginia law that no contract is formed until a written contract is executed. The Court of Appeals explained clearly what the presumption was and what its purpose was. Having done so, the Fourth Circuit concluded that, under circumstances virtually identical to those presented here, there was no evidence of "the parties' intent to require execution of a written contract." Dunkin' Donuts, supra at *3. The Court went on to hold that:

> Application of the presumption does not arise 'when there is no understanding that the agreement will be reduced to writing as a prerequisite to the formation of a contract.' (citation omitted) In this instance, the parties simply agreed to memorialize their settlement with a formal document, but did not make the contract subject to that condition. See Agostini v. Consolvo, 153 S.E. 676, 678-79 (Va. 1930) ('Where the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed.').

Id. (emphasis added). That is precisely the circumstance here. The parties had a meeting of the minds as to the amount of the payment and the time of the payment and the identity of the guarantor. While they agreed to memorialize their settlement

with a formal document, they did not make the contract of settlement subject to that condition. Accordingly, here, as in Dunkin' Donuts, the failure to execute a formal contract document does not preclude enforcement of the settlement. And, because there was a meeting of the minds as to the settlement terms, the agreement will be enforced.

## CONCLUSION

For the foregoing reasons, and the reasons set forth on the record at the hearing on November 5, 2010, the MOTION FOR JUDGMENT ON SETTLEMENT (Docket No. 12) is granted, and judgment shall be entered on the agreement as to which, the record shows, the parties have a mutual understanding.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 12, 2010