UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

        Plaintiffs,

v.                                         Case No. 3:10-cv-138-REP

MARK A. CAREY, *et al*.

        Defendants.

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### MOTION

Plaintiffs, by counsel, move the Court, pursuant to Fed.R.Civ.P. 37 and 69, and Local Civil Rule 37, for an Order compelling discovery from Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C., (the said Defendants) because the said Defendants have failed to respond to Plaintiffs' Rule 69 propounded in aid of execution on their judgment, and in support of their motion, the Plaintiffs state the following:

    1.    On Friday, November 5, 2010, the Court heard evidence in support of Plaintiffs' Motion for Judgment on Settlement and Memorandum in Support of Motion, Docket 12. As shown by the Minute Entry appearing at Docket 16, the Court granted Plaintiffs' Motion.

    2.    On Monday, November 8, 2010, Plaintiffs served the said Defendants with Plaintiffs' First Set of Postjudgment Interrogatories and Request for Production of Documents to

Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C. Copy attached hereto as Exhibit A.

3. On November 12, 2010, the Court issued a Memorandum Opinion (Docket 18) and entered an Order (Docket 19) setting forth the reasons, and incorporating the reasons set forth on the record on November 5, 2010, for granting Plaintiffs' Motion.

4. On November 12, 2010, the Clerk entered judgment in favor of the Plaintiffs against the said Defendants, jointly and severally, in the amount of $15,000.00 together with interest thereon at the rate of 0.22 percent (0.22%) per annum from November 12, 2010 until paid. Docket 20.

5. Defendants have not objected to Plaintiffs' discovery in aid of execution on their judgment.

6. The said Defendants have not responded to Plaintiffs' discovery in aid of execution on their judgment.

7. Plaintiffs' counsel has met and conferred with the said Defendants' counsel by telephone on several occasions in an attempt to obtain responses to Plaintiffs' discovery in aid of execution on their judgment.

8. Responses have not been forthcoming.

9. Despite the parties, by counsel, having met and conferred in an effort to resolve this discovery dispute, the said Defendants have still not responded to the discovery set forth in Exhibit A attached hereto.

**WHEREFORE**, Plaintiffs move the Court for an Order compelling discovery as prayed for herein, for an award of expenses and sanctions, and for such other relief which to the Court

may seem proper.

<h2 style="text-align:center"><u>BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY</u></h2>

<h2 style="text-align:center"><u>ARGUMENT</u></h2>

**Introduction**

      Rule 69 provides a mechanism for executing money judgments entered by a U.S. District Court. The Rule provides in pertinent part the following with respect to obtaining discovery in aid of execution on a money judgment:

> **Rule 69. Execution**
>
> *(a) In General.*
>
> …
>
> (2) Obtaining Discovery.
>
> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located.

Citing time honored Supreme Court law, the Fourth Circuit has stated:

It is black letter law that

> the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. . . . Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.

*Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L. Ed. 768 (1867).

*Thomas v. Peacock*, 39 F.3d 493, 500 (4th Cir. 1994), cert. granted, 115 S. Ct. 1997, 131 L. Ed. 2d 999 (1994).

**Defendant must comply with proper discovery requests.**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are expected to conduct discovery between themselves to narrow the issues. Fed.R.Civ.P. 37(a)(1) & (2)(B) provide that a party, upon reasonable notice to other parties, may apply for an order compelling discovery if a party fails to answer an interrogatory submitted under Rule 33, or to provide documents in response to a request submitted under Rule 34. Also, Fed.R.Civ.P. 37(4)(A) provides that if the motion is granted or if the requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated that motion to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

The range of discovery is broad and litigants are to be provided access to information that might be useful even if their use is only in cross-examination. *See Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940 (4th Cir. 1964). The validity of an objection to discovery is determined by a motion filed with the Court. *See Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 552-53 (5th Cir. 1980).

## CONCLUSION

Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C. should be compelled by order of this Court to make a full and complete response to the Interrogatories and Requests For Production contained in Plaintiffs' First Set of Postjudgment Interrogatories and Request for Production of Documents to Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C., and ordered to pay attorney's fees and costs as sanctions for the failure of the said Defendants to answer discovery. Plaintiffs should be awarded such further relief which

to the Court may seem appropriate.

                                          Respectfully submitted,
                                          Noel Bralley
                                          Carolyn Bralley
                                          Braxton Bralley
                                          By Counsel

 /s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Noel Bralley, Carolyn Bralley
and Braxton Bralley
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of December, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of sech filing (NEF) to the following:

            Robert R. Musick, VSB No. 48601
            *Thompson*McMullan, P.C.
            100 Shockoe Slip
            Third Floor
            Richmond, Virginia 23219

            Counsel for Defendants Mark A. Carey and
            The Law Offices of Mark A. Carey, P.C.

                                         /s/_____
                                           Dale W. Pittman

    I also certify that the movants have in good faith conferred with the parties not making

the disclosure in an effort to secure the disclosure without court action.

                                           /s/_____
                                           Dale W. Pittman