## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

       Plaintiffs,

v.                                                      Case No. 3:10-cv-138-REP
                                                        **CASE CLOSED**

MARK A. CAREY, *et al.*

       Defendants.

### MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW OR IN THE ALTERNATIVE AN ORDER COMPELLING PLAINTIFFS TO SERVE ALL FUTURE PLEADINGS ON DEFENDANTS

Robert R. Musick, Mark R. Colombell, and the law firm of ThompsonMcMullan, P.C. (hereinafter "ThompsonMcMullan"), submit this memorandum in support of their motion for an order compelling Plaintiffs' counsel to serve all future pleadings directly on Mark A. Carey and The Law Offices of Mark A. Carey, P.C. (the "Defendants"), or in the alternative for leave to withdraw as counsel for the Defendants.

I.    Introduction

The Plaintiffs filed a Complaint on March 4, 2010, alleging that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. At a hearing on November 5, 2010, the Court granted Plaintiffs' Motion for Judgment on the Settlement.  Plaintiffs' counsel served ThompsonMcMullan with post-judgment discovery requests on November 8, 2010, which were forwarded to the Defendants by electronic mail and by first class mail. A final Order and Judgment were entered against the Defendants on November 12, 2010.

On November 15, 2010, ThompsonMcMullan sent a letter to Plaintiffs' counsel stating that its representation of the Defendants had terminated following the entry of a final order and that all future correspondence should be directed to the Defendants.  A copy of the November 15, 2010 letter is attached hereto as Exhibit A.

Receiving no response to his post-judgment discovery request, Plaintiffs' counsel has filed a Motion to Compel Discovery which was served electronically on ThompsonMcMullan despite final judgment being entered and the case being closed.  ThompsonMcMullan has asked several times that Plaintiffs' counsel serve all documents on the Defendants rather than on ThompsonMcMullan.  The Plaintiffs, now judgment creditors, erroneously look to ThompsonMcMullan for assistance in their collection efforts.

II.    A final judgment has been entered in the underlying case and ThompsonMcMullan no longer represents the Defendants.

Final judgment was entered on November 12, 2010.  The Defendants did not appeal the final judgment.  The Plaintiffs are now judgment creditors attempting to enforce a judgment. ThompsonMcMullan does not dispute the Plaintiffs' right to pursue post-judgment discovery through Fed. R. Civ. P. 69; however, the Plaintiffs' position that ThompsonMcMullan must withdraw as counsel of record after a final judgment has been entered is erroneous.

In Floyd v. 3rd St. Diner, Inc., 2009 U.S. Dist. LEXIS 36603, 4-5 (E.D. Va. Apr. 30, 2009)[1], the judgment creditor sought to enforce his rights through post-judgment discovery pursuant to Fed. R. Civ. P. 69.  Receiving no response to his post-judgment discovery request, the judgment creditor filed a motion to compel and served it on counsel of record for the judgment debtor in the underlying case.  Moving counsel did not become aware until attempting to confer to resolve the motion that counsel of record no longer represented the judgment debtor

---

[1] A copy of this opinion is attached hereto as Exhibit B.

in post-judgment matters. Id.  The issue in Floyd was whether the judgment creditor timely

moved to enforce provisions of a consent decree that resolved the lawsuit.  However, the analysis

and review of the underlying pleadings is persuasive in the instant case.

Counsel for the judgment debtor in Floyd did not move to withdraw from representation

after final judgment was entered.[2]  The judgment creditor was within his rights to pursue post-

judgment remedies in aid of enforcing his judgment, pursuant to Fed. R. Civ. P. 69 or the law of

the Commonwealth of Virginia.  Upon learning that counsel of record in the underlying lawsuit

was not representing the judgment debtor in post-judgment matters, the judgment creditor served

the same discovery directly on the judgment debtor.  The Court ultimately granted the judgment

debtor's motion to compel because the post-judgment discovery was filed within the time period

required by the consent decree; and, presumably, because the judgment creditor properly served

the judgment debtor.[3]

Here, ThompsonMcMullan made clear to Plaintiffs' counsel that it no longer represented

the Defendants and that Plaintiffs' counsel needed to look to the Defendants directly for anything

arising once the final judgment was entered.[4]  The Plaintiffs are now judgment creditors to a

New York professional corporation and to a natural person who resides in the State of New

York.  The Plaintiffs should look to the laws of the State of New York or any other jurisdiction

where the Defendants have assets to collect on the judgment.  Serving counsel of record in a

closed case, after being informed that counsel no longer represents the Defendants, is causing

ThompsonMcMullan to incur unnecessary time and expenses.  ThompsonMcMullan asks that

---

[2] See Docket Report attached hereto as Exhibit C.

[3] A copy of the Plaintiff's Motion to Compel, Dkt. No. 15, Case No. 3:07-cv-411, is attached hereto as Exhibit D. Attached to the Motion as an exhibit is the letter wherein the judgment creditor mailed a copy of the discovery requests to the judgment debtor.

[4] The final Order and Judgment were entered on Friday, November 12, 2010. ThompsonMcMullan informed Plaintiffs' counsel on Monday, November 15, 2010 that it no longer represented the Defendants.

this Court grant its motion and enter an order directing Plaintiffs' counsel to serve all future correspondence and pleadings on the Defendants.

III.  <u>In the alternative, ThompsonMcMullan should be permitted to withdraw as counsel of record.</u>

ThompsonMcMullan was retained to represent the Defendants solely in the lawsuit filed against them by the Plaintiffs.  The Defendants did not retain ThompsonMcMullan to assist them with any post-judgment matters.  The Defendants consent to ThompsonMcMullan's withdrawal as counsel if appropriate. The Plaintiffs will not be prejudiced by ThompsonMcMullan's withdrawal because the Plaintiffs have the same remedies available to them as judgment creditors with or without ThompsonMcMullan as counsel.  Furthermore, now that final judgment has been entered, The Law Offices of Mark A. Carey, P.C. is no longer required to have counsel.

WHEREFORE Robert R. Musick, Mark R. Colombell, and the law firm of ThompsonMcMullan, P.C. respectfully request that this Court enter an Order requiring Plaintiffs' counsel to serve all future correspondence and pleadings on the Defendants, or in the alternative ThompsonMcMullan requests that the Court permit them to withdraw as counsel for Mark A. Carey and The Law Offices of Mark A. Carey, P.C.

Respectfully Submitted,

MARK A. CAREY, and
THE LAW OFFICES OF
MARK A. CAREY, P.C.

_____/s/ Robert R. Musick_____
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax

mcolombell@t-mlaw.com
bmusick@t-mlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 30th day of December 2010, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to all parties entitled to receive such notice, including the following:

>Dale W. Pittman, Esq.
>The Law Offices of Dale W. Pittman, P.C.
>The Eliza Spottswood House
>112-A West Tabb Street
>Petersburg, VA 23803

I further certify that I have sent a copy of this Motion by first class mail to the following:

>Mark A. Carey, Esq.
>The Law Offices of Mark A. Carey, P.C.
>131 North Park Avenue
>Buffalo, New York 14216
>markcareylaw@ymail.com


____/s/ Robert R. Musick_____
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
mcolombell@t-mlaw.com
bmusick@t-mlaw.com
*Counsel for Mark A. Carey and The Law*
*Offices of Mark A. Carey P.C.*