UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

        Plaintiffs,

v.                                            Case No. 3:10-cv-138-REP

MARK A. CAREY, *et al*.

        Defendants.

## PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### MOTION

      Plaintiffs, by counsel, move the Court, pursuant to Fed.R.Civ.P. 37 and 69, and Local Civil Rule 37, for an Order compelling discovery from Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C., (the said Defendants) because the said Defendants have failed to respond to Plaintiffs' Rule 69 propounded in aid of execution on their judgment, and in support of their motion, the Plaintiffs state the following:

      1.     On Friday, November 5, 2010, the Court heard evidence in support of Plaintiffs' Motion for Judgment on Settlement and Memorandum in Support of Motion, Docket 12. As shown by the Minute Entry appearing at Docket 16, the Court granted Plaintiffs' Motion.

      2.     On Monday, November 8, 2010, Plaintiffs served the said Defendants with Plaintiffs' First Set of Postjudgment Interrogatories and Request for Production of Documents to

Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C. Copy attached hereto as Exhibit A.

   3. On November 12, 2010, the Court issued a Memorandum Opinion (Docket 18) and entered an Order (Docket 19) setting forth the reasons, and incorporating the reasons set forth on the record on November 5, 2010, for granting Plaintiffs' Motion.

   4. On November 12, 2010, the Clerk entered judgment in favor of the Plaintiffs against the said Defendants, jointly and severally, in the amount of $15,000.00 together with interest thereon at the rate of 0.22 percent (0.22%) per annum from November 12, 2010 until paid. Docket 20.

   5. Defendants' counsel at the time, Robert R. Musick and ThompsonMcMullan, mailed Plaintiffs' First Set of Postjudgment Interrogatories and Request for Production of Documents to Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C. to Defendants by letter dated November 15, 2010, as represented to the court in Mr. Musick's law firm's motion to withdraw as counsel, Docket 22, page 2, Paragraph 5, and in its memorandum in support of the motion to withdraw, Docket 23, page 2. A copy of the letter is attached hereto, marked Exhibit B.

   6. Defendants have not objected to Plaintiffs' discovery in aid of execution on their judgment.

   7. The said Defendants have not responded to Plaintiffs' discovery in aid of execution on their judgment.

   8. Prior to the court's January 18, 2011 order, Docket 26, granting the motion to withdraw as counsel, Plaintiffs' counsel met and conferred with the said Defendants' counsel of

record by telephone on several occasions in an attempt to obtain responses to Plaintiffs' discovery in aid of execution on their judgment.

9.  Responses have not been forthcoming.

10.  Despite the parties, by counsel, having met and conferred in an effort to resolve this discovery dispute, the said Defendants have still not responded to the discovery set forth in Exhibit A attached hereto.

11.  In keeping with the Court's January 18, 2011 Order, Plaintiffs hereby are filing a second motion to compel discovery and are serving same on Defendants at the addresses of record of the New York Bar Association, the State Bar of Georgia for Defendant Mark A. Carey, the address used by Mr. Musick in Exhibit B attached hereto, and the mailing address of The Law Office of Mark A. Carey, PC as referred to in footnote 1 hereof.

**WHEREFORE**, Plaintiffs move the Court for an Order compelling discovery as prayed for herein, for an award of expenses and sanctions, and for such other relief which to the Court may seem proper.

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

## ARGUMENT

**Introduction**

Rule 69 provides a mechanism for executing money judgments entered by a U.S. District Court. The Rule provides in pertinent part the following with respect to obtaining discovery in aid of execution on a money judgment:

> **Rule 69. Execution**
>
> *(a) In General.*

> …
>
> (2) Obtaining Discovery.
>
> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located.
>
> Citing time honored Supreme Court law, the Fourth Circuit has stated:
>
> It is black letter law that
>
> the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. . . . Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.
>
> *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L. Ed. 768 (1867).

*Thomas v. Peacock*, 39 F.3d 493, 500 (4th Cir. 1994), cert. granted, 115 S. Ct. 1997, 131 L. Ed. 2d 999 (1994).

**Defendant must comply with proper discovery requests.**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are expected to conduct discovery between themselves to narrow the issues. Fed.R.Civ.P. 37(a)(1) & (2)(B) provide that a party, upon reasonable notice to other parties, may apply for an order compelling discovery if a party fails to answer an interrogatory submitted under Rule 33, or to provide documents in response to a request submitted under Rule 34. Also, Fed.R.Civ.P. 37(4)(A) provides that if the motion is granted or if the requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated that motion to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

The range of discovery is broad and litigants are to be provided access to information that might be useful even if their use is only in cross-examination. *See Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940 (4th Cir. 1964). The validity of an objection to discovery is determined by a motion filed with the Court. *See Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 552-53 (5th Cir. 1980).

## CONCLUSION

Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C. should be compelled by order of this Court to make a full and complete response to the Interrogatories and Requests For Production contained in Plaintiffs' First Set of Postjudgment Interrogatories and Request for Production of Documents to Defendants Mark A. Carey and The Law Offices of Mark A. Carey, P.C., and ordered to pay attorney's fees and costs as sanctions for the failure of the said Defendants to answer discovery. Plaintiffs should be awarded such further relief which to the Court may seem appropriate.

                                              Respectfully submitted,
                                              Noel Bralley
                                              Carolyn Bralley
                                              Braxton Bralley
                                              By Counsel

 /s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Noel Bralley, Carolyn Bralley
and Braxton Bralley
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and hereby certify that I will mail the document by U.S. mail to the following non-filing users:

>Mark A. Carey, Esquire
>The Law Offices of Mark A. Carey, P.C.
>131 North Park Avenue
>Buffalo, NY 14216
>
>Mark A. Carey, Esquire
>131 Park Avenue
>Buffalo, NY 14216
>
>Mark A. Carey, Esquire
>34 North Park Avenue
>Buffalo, NY 14216
>
>The Law Offices of Mark A. Carey, P.C.
>Suite 1500
>6 Concourse Parkway
>Atlanta, GA 30328[1]

>　　　/s/_____
>　　　Dale W. Pittman

I also certify that the movants have in good faith conferred with the parties not making the disclosure in an effort to secure the disclosure without court action.



>　　　/s/_____
>　　　Dale W. Pittman

---

[1] The service addresses for Defendants are, respectively: the address shown in Mr. Musick's letter, Exhibit B; Mark A. Carey's address of record with the New York Bar Association, Exhibit C; Mark A. Carey's address of record with the Georgia State Bar, Exhibit D; and the address of record for Law Offices of Mark A. Carey, P.C., as shown on the docket sheet in *Bralley v. Carey*, Civil Docket for Case #:1-11ml-00002-WBH-ECS, Northern District of Georgia, Exhibit E, where this defendant herein has appeared on a Motion to Quash a third party subpoena served by Plaintiffs herein in aid of execution on the judgment entered by this Court, as well as the address shown on this defendant's website, as follows: http://markcareylaw.com/index.php?option=com_content&view=article&id=124&Itemid=58.