UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

              Plaintiffs,

v.                                       Case No. 3:10-cv-138-REP

MARK A. CAREY, *et al*.

              Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE

Defendants have refused to comply with the judgment of this Court by paying the judgment with statutory interest, and refused to comply with a specific order directing them to respond to post-judgment interrogatories. Pursuant to Fed. R. Civ. P. 37(b)(2), "A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse Intern., Ltd. V. Playboy Enterprises, Inc.*, 663 F.2d 371, 386 (2d Cir. 1981). The predicate for imposition of sanctions pursuant to Rule 37(b) is failure to obey a lawful order from this court. "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991).

The Fourth Circuit has developed a four part test for use in determining what sanctions to impose under Rule 37. *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503-06 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S. Ct. 744, 54 L. Ed. 2d 768 (1978). The court must determine (1)

whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Id. at 503-06*.

Here, where the Court has ordered Defendants to respond to Plaintiffs' post-judgment interrogatories and request for production of documents and the April 12, 2011 response time having long since passed, Defendants' disrespect for the Court is particularly offensive to the system of justice. Defendants have abandoned legal counsel. The Court's March 22, 2011 Order (Docket 37), sent by the Clerk to each of Defendants' last-known addresses of record, was returned from the 131 N. Park Avenue, Buffalo, NY 14216 address, with a note from the apparent current occupant of that address, stating in part the following: "(T)his person used to have a law office at this address, but has not had one here in over a year." Defendant Law Offices Mark A. Carey, P.C. is or has been counsel of record in the Northern District of Georgia on a Motion to Quash a subpoena issued by Plaintiffs in aid of execution of their judgment. Upon information and belief, the address used in the Georgia court by The Law Offices Mark A. Carey, P.C. is not the physical address of a law office. Defendants are without question evading Plaintiffs' attempts to satisfy the Court's judgment. Defendants are clearly acting in bad faith. There can be no recognizable prejudice to them resulting from the entry of an order to show cause. There is the highest need to assure that the Court's orders are obeyed and the dignity of this court in particular and that of the judiciary in general be maintained. Less drastic sanctions will not be effective given these Defendants' attempts to avoid satisfaction of Plaintiffs' judgment.

## **CONCLUSION**

An order to show cause should be entered as requested, so that Defendants can show cause why they should not be held in contempt and why the requested orders, including arrest, should not be issued.

                                          Respectfully submitted,
                                          Noel Bralley
                                          Carolyn Bralley
                                          Braxton Bralley
                                          By Counsel

\_\_/s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Noel Bralley, Carolyn Bralley
and Braxton Bralley
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

# CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of May, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and hereby certify that I will mail the document by U.S. mail to the following non-filing users:

    Mark A. Carey, Esquire
    The Law Offices of Mark A. Carey, P.C.
    131 North Park Avenue
    Buffalo, NY 14216

    Mark A. Carey, Esquire
    131 Park Avenue
    Buffalo, NY 14216

    Mark A. Carey, Esquire
    34 North Park Avenue
    Buffalo, NY 14216

    The Law Offices of Mark A. Carey, P.C.
    Suite 1500
    6 Concourse Parkway
    Atlanta, GA 30328

    The Law Offices of Mark A. Carey, P.C.
    925B Peachtree St. N.E.
    Suite 307
    Atlanta, GA 30309

                                             /s/_____
                                             Dale W. Pittman