# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| **NOEL BRALLEY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 3:10cv138-REP-DWD |
| ) | |
| **MARK A. CAREY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court for the resolution of a non-dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A) on Plaintiff's Motion for Order to Show Cause (Docket No. 39). The Defendants have not responded to the motion and the deadline for any response has now expired. The Court is satisfied that the Defendants do not intend to comply with this Court's previous Order compelling post-judgment discovery (Docket No. 37). Such intention is apparent where the Defendants are an attorney and a law firm, both formerly represented by counsel in this proceeding, and where each has appeared before this Court throughout the proceedings until the entry of final judgment. Accordingly, the Court hereby GRANTS Plaintiff's Motion for Order to Show Cause (Docket No. 39). The Defendants are hereby ORDERED TO SHOW CAUSE why they should not be found in civil contempt of this Court's previous Orders and be subject to the imposition of sanctions.

The Court notes as further justification for its directive that, since January 18, 2011, Defendant Carey has proceeded in a *pro se* capacity, and Plaintiff has been accordingly ordered by this Court to serve any further documents on Defendant in his individual capacity (Docket

No. 26). Yet, the Court notes that Defendant Carey has been completely unresponsive to Plaintiff's attempts at service thus far, including attempts to serve him at his last known address. In fact, Plaintiff has attempted service on Defendant Carey at no less than five separate addresses, and some, but not all, of these attempts have been returned as "undeliverable." The Court is therefore satisfied that sufficient notice has been attempted to satisfy all Due Process concerns. In this regard, the Court notes the cases of <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.") and <u>In re Davis</u>, 275 B.R. 864, 866 (8th Cir. 2002) ("The due process requirement is satisfied where a party is provided with 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (quoting <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)).

However, in the abundance of caution, the Plaintiff is hereby ORDERED to again attempt personal service of this Order on Defendant Mark A. Carey, Esq., and if such service cannot be obtained after reasonably diligent efforts, to document those efforts undertaken. Upon any failure to obtain personal service, the Plaintiff shall file a declaration setting forth those efforts undertaken and executed by whoever has undertaken those efforts.

Let the Clerk file this Order electronically, notifying counsel accordingly, and transmit by U.S. Mail a copy to all Defendants at each of their last-known addresses, as listed at page 3 of the Plaintiff's Motion for Order to Show Cause (Docket No. 39).

It is so Ordered.

                                                        /s/
                                        Dennis W. Dohnal
                                        United States Magistrate Judge

Richmond, Virginia
Dated: June 3, 2011