**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **NOEL BRALLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL NO. 3:10cv138-REP |
| ) | |
| **MARK A. CAREY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## SHOW CAUSE ORDER

This matter is before the Court for the resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on Plaintiffs' previously-granted Motion for Order to Show Cause (Docket No. 39), Plaintiffs' pending Supplemental Motions for Order to Show Cause (Docket Nos. 44, 52), and the Plaintiff's related Motion to Compel Discovery (Docket No. 32), which has been previously granted (Docket No. 37).  Based upon the facts certified by the Court, *infra*, the Plaintiffs' pending Supplemental Motions for Order to Show Cause (Docket Nos. 44, 52) are GRANTED.  Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the Court hereby ORDERS that Defendant MARK A. CAREY, ESQ. appear before the Honorable Robert E. Payne, the U.S. District Judge presiding over this matter, on November 3, 2011 at 3:30 p.m., at which time he shall SHOW CAUSE why he should not be found in contempt of this Court's Order of March 22, 2011 compelling post-judgment discovery (Docket No. 37).

The Court hereby DIRECTS the United States Marshall to serve a copy of this Show Cause Order on MARK A. CAREY, ESQ., at his address of record with this Court, 1000 McCoy Drive, Conyers, Georgia 30094.

As required by 28 U.S.C. § 636(e)(6)(B)(iii), the Court hereby CERTIFIES the following facts:

1. On March 22, 2011, the Court entered an Order granting the Plaintiff's Motion to Compel Post-Judgment Discovery (Docket Nos. 32, 37). Specifically, the Court ordered the Defendants, Mark A. Carey, Esq. ("Defendant Carey") and the Law Offices of Mark A. Carey, P.C. ("The Law Firm Defendant" or, collectively with Defendant Carey, the "Defendants"), to respond to the Plaintiffs' first set of post-judgment interrogatories and requests for production of documents within twenty-one (21) days of the entry of the Order.

2. On May 16, 2011, the Plaintiff filed a Motion for Order to Show Cause (Docket No. 39), representing to the Court that the Defendants had failed to comply with the Court's March 22, 2011 Order. At that time, it appeared that the Defendants, specifically Defendant Carey, would not respond to the Order. Accordingly, the Court granted the Plaintiff's motion and issued a Show Cause Order on June 6, 2011 (Docket No. 42). However, in an effort to provide the Defendants with a fair opportunity to come into compliance with the Court's mandates, the Court ordered the Plaintiff to obtain personal service of the Show Cause Order on Defendant Carey.

3. As directed by the Court, the Plaintiff obtained personal service on Defendant Carey by personal, in-hand service on June 9, 2011 (Aff. of Serv., Docket No. 51). Thereafter, on June 20, 2011, Defendant Carey contacted the Clerk of the Court and indicated that his new address was then located at 925-B Peachtree Street, NE, Suite 307, Atlanta, Georgia 30309. (See Docket Entry dated June 20,

|   |   |
|---|---|
|   | 2011). That address was one of several addresses to which the Plaintiffs and the Clerk's Office had been serving pleadings on the Defendants. (See, e.g., Certificate of Service, Docket No. 39 at 3). |
| 4. | Based on this apparent confirmation that the Defendants had been receiving all pleadings and orders in this case, the Plaintiffs supplemented their Motion for Order to Show Cause on July 15, 2011. By that supplementation, the Plaintiffs reiterated the fact that the Defendant had been receiving all pleadings, orders, and notices at his address of record. The Plaintiffs also informed the Court that they had successfully obtained personal service on Defendant Carey. |
| 5. | On July 19, 2011, the Court received what it perceived as an improper *ex parte* communication in the form of a letter from Defendant Carey. The Court entered an Order docketing the letter as a part of the record (Docket No. 49). By this communication, Defendant Carey indicated that his address of record had changed to 1360 Hampton Hall Drive, NE, Atlanta, Georgia 30319. Also according to the letter, the Defendant believed that the case was over; indicated that he was not evading service in the case; and alleged that a misrepresentation had been made to the Court. |
| 6. | In fairness to Defendant Carey, the Court then held a telephonic status conference on July 25, 2011, at which time the Court offered him one last opportunity to comply with the Court's March 22, 2011 Order compelling discovery (Docket No. 53). At that time, the Court made it abundantly clear to Mr. Carey that he was expected to comply with all discovery requests forthwith. At no time did the Court invite Mr. Carey to file belated objections to the Plaintiffs' post-judgment |

    discovery requests, which had long-since been waived by the Defendants' own dilatory conduct. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); E.D. Va. Loc. R. 26(c).

7. In an Order memorializing the outcome of the telephonic status conference, the Court instructed Mr. Carey to "fully, adequately, and to this Court's satisfaction comply with all pending discovery requests within thirty (30) days of the date of [the] Order." (Docket No. 53 at ¶ 1.) The Court further instructed the parties to provide the Court with notice of compliance with the mandate. (Id. at ¶ 2.) Finally, the Order advised the Defendants that, in the event that they failed to fully comply with the Order, the Court would recommend to U.S. District Judge Robert E. Payne that he impose the following schedule of sanctions designed to coerce compliance with this Court's Orders:

    a. That Defendant Mark A. Carey be found in civil contempt;

    b. That for the first week of contempt, he shall be fined $250 per day of noncompliance;

    c. That for the second week of contempt, he shall be fined $500 per day of noncompliance;

    d. That for the third week of contempt, he shall be fined $750 per day of noncompliance;

    e. That for the fourth week of contempt, he shall be fined $1,000 per day of noncompliance; and

    f. If Defendant Mark A. Carey remains in contempt for more than four (4) weeks, this Court shall recommend that U.S. District Judge Robert E.

        Payne issue a capias for his arrest.

8. On August 30, 2011, the Defendant filed three new pleadings with the Court. First, they filed a Notice that their new address had now changed to 1000 McCoy Drive, Conyers, Georgia 30094. The second and third of the filed pleadings were Certificates of Service indicating that the Defendants had served responses to the discovery requests on the Plaintiffs. Those filings did not otherwise represent to the Court the nature or adequacy of those responses.

9. Responding to the Court's Order dated July 26, 2011 (Docket No. 53) and apparently in response to the Defendant's several August 30, 2011 pleadings, the Plaintiffs filed a "Representation to the Court." In doing so, the Plaintiffs indicated that Defendant Mark A. Carey, Esq. had *not* complied with the Court's previous Orders compelling discovery, and that they have attempted to engage in the meet and confer process to resolve the issue with the Defendants. The Plaintiffs appended copies of the Defendants' discovery responses to the July 25, 2011 filing (Docket Nos. 53-2 and 53-3).

10. The Court has reviewed the Defendants' discovery responses and notes a number of inadequacies that evince the Defendants' failure to comply with this Court's Orders. First, given the fact that the Defendants were first Ordered to respond to the discovery requests on March 22, 2011, more than four (4) months after those requests were first served on them, any objections to discovery are long-since waived. The Court notes that the purpose of its July 26, 2011 Order was to allow the Defendants an opportunity to come into compliance with the Court's standing orders -- not to permit belated objections. From the context of the telephonic

   status conference held on July 25, 2011, as well as the plain language of this Court's several previous Orders, it is clear that no such objections were contemplated.

11. The Court also takes this opportunity to address the Defendants' "Specific Objection No. 1," which asserts that this Court lacks subject matter jurisdiction over this action. Although not clearly articulated, based on the Defendants' previous representation that they believed the matter had ended (Docket No. 50), the Court understands this objection to assert that the Court was divested of subject matter jurisdiction upon entry of judgment in the case. "[T]he absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence." <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). But, "[i]t is well-settled that a federal court may exercise ancillary jurisdiction to enforce its judgments." <u>Marino v. Pioneer Edsel Sales, Inc.</u>, 349 F.3d 746, 752 (4th Cir. 2003) (citing <u>Peacock v. Thomas</u>, 516 U.S. 249 (1996); 28 U.S.C. § 1367(a)). That is exactly what the Court is engaged in here: the enforcement of U.S. District Judge Robert E. Payne's Order entering judgment on the settlement (Docket No. 19). Unaware of any other issue raising any doubt as to the Court's jurisdiction over the matter, the Court addresses this point no further.

12. Notwithstanding the Defendants' objections to the discovery requests, the The Law Firm Defendant provided responses to the discovery requests. However, the Court is not satisfied that those responses are adequate, as required by the Court's July 26, 2011 Order (Docket No. 53). First, The Law Firm Defendant's responses

to interrogatories fail to fully answer the questions. By way of example, Interrogatory No. 1 directed to the law firm asks it to "identify all property which is now *or has been owned* by The Law Offices of Mark A. Carey, P.C. within the past two years. . ." (Docket No. 58-2). The response indicates that "Defendant Law Offices of Mark A. Carey, P.C. *does not own* any property nor does it have a legal or equitable interest in any property." (Id (emphasis added).) Thus, the answer is deficient in that it fails to address previously-owned property. As a result, Defendant The Offices of Mark A. Carey, P.C.'s answers to Interrogatory Nos. 2, 5, 10, and 14 are likewise deficient, each of which concerns the transfer of property previously owned. And, as explained, *infra* at Paragraph 16, any such property may have been transferred to Defendant Carey's new corporate entity, which shares a name with The Law Firm Defendant in this case.

13. Notwithstanding the Defendants' objections to the discovery requests, Defendant Carey also provided responses to the discovery requests. However, the Court is not satisfied that Defendant Carey's responses are *entirely* adequate, as required by the Court's July 26, 2011 Order (Docket No. 53). As a general matter, the Court acknowledges that Defendant Carey has identified some assets, such as real estate in Buffalo, New York and a personal checking account. (Carey's Answer to Interrogatory No. 1, Docket No. 58-3 at 4.)

14. However, some of Defendant Carey's answers are inadequate, such as his refusal to indicate the balance of his personal checking account. (Carey's Answer to Interrogatory No. 3, Docket No. 58-3 at 5.) Although he indicates that it "fluctuates daily," he should have provided a range, estimate, or more likely, the

7

      balance as of the moment he answered the interrogatory. That the balance fluctuates does not respond to the question.

15. Moreover, as an attorney operating a law firm, some of his answers are utterly puzzling. First, Defendant Carey has indicated that he possesses no documents related to his interrogatory answers, including no documentation related to his personal checking account or his real estate in Buffalo, New York. (Carey's Response to RFP Nos. 1, 9, 10, 15, Docket No. 58-3.) The Court simply disbelieves that any competent, practicing lawyer would fail to maintain files or records of any kind. And even if he does not keep his bank statements, he would be under a continuing obligation to provide them upon future receipt, including any that may be transmitted electronically by his bank. More shocking, however, is Defendant Carey's statement that he has not filed an income tax return with the U.S. Internal Revenue Service since January 1, 2006. (Carey's Response to RFP No. 3, Docket No. 58-3 at 15.)

16. There also exists a noticeable disconnect between Defendant Carey's discovery responses and those of The Law Firm Defendant, presumably as a result of Defendant Carey's new Georgia-based law firm which shares an identical name to that of the Law Firm Defendant -- "The Law Offices of Mark A. Carey, P.C." (Carey Answer to Interrogatory No. 13, Docket No. 58-3 at 12.) At the same time, Defendant Carey has indicated in his response to Interrogatory No. 6 that "he has not performed any work whatsoever other than in his capacity as Mark A. Carey, P.C." (Docket No. 58-3 at 9.) Compare this response to that of The Law Firm Defendant's response to Interrogatory No. 5, which indicates that "Law

Offices of Mark A. Carey, P.C. is not in business." (Docket No. 58-2 at 18.) At the very least, the apparent disconnect raises the likelihood that the Plaintiffs could pierce the corporate veil of the newly-formed eponymous entity. It also raises the possibility that the new entity was fraudulently formed to shield The Defendant Law Firm, or otherwise operates as a mere continuation thereof.

17. Finally, the Defendants' responses to the discovery requests frequently reference the Defendants' inability to respond "on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this Request." (See, e.g., Response to Document Request No. 3, Docket No. 53-2.) Such a response raises more questions than it answers and invites an adequate explanation at the Show Cause Hearing to be held on November 3, 2011 at 3:30 p.m.

Let the Clerk file this Order electronically, notifying all counsel of record accordingly, and transmit a copy to the Plaintiff by U.S. mail at his address of record.

It is so ORDERED.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: September 13, 2011

9