Original

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,**

         **Plaintiffs,**

                           **Case No. 3:10-cv-138-REP-DWD**

**MARK A. CAREY, et al.**

         **Defendants.**

### AFFIDAVIT OF MARK A. CAREY

Personally appeared me, the undersigned officer duly authorized to administer oaths, came Mark A. Carey who, first being duly sworn, on oath deposes and states as follows:

1.

I am competent to testify in a court of law and if called to do so would testify as specified herein.

2.

I am a citizen of the United States of America and 18 years of age or older.

3.

During that conference, Defendant Carey explained to the Court that he had not responded to Plaintiff's post judgment discovery because he had never seen - or been served with - any discovery from Plaintiff.

4.

Defendants made it just as clear that they had no problem responding to discovery and stated that they would reply to discovery within thirty (30) days of receipt of the discovery.

5.

Defendant Carey specifically and expressly asked during that conference if he could make objections to the discovery once it was received and reviewed by him. Judge Dohnal stated "Make your objections and I will rule on them."

6.

Defendants relied on the Court's permission to file objections to Plaintiff's discovery requests when they filed their responses.

7.

Defendants replied on or about August 26th, 2011, and provided a date and time for August 30, 2011.

8.

Defendants also requested - in an effort to avoid later confusion and make the conference more productive and efficient - that Mr. Pittman provide Defendants with a brief email outlining Mr. Pittman's objections.

9.

At 4:45, Mr. Pittman called Defendant Mark Carey on his cell phone and asked if it was a good time for the meet and confer. Defendant Mark Carey informed Mr. Pittman that he was currently in a Publix grocery store with his children, and thus, not in a position to have the meet and confer.

10.

Defendant Mark Carey did ask if he (Pittman) had received his email to request to please put his issues in writing before they spoke again.

11.

Mr. Pittman categorically refused to put anything in writing.

12.

Defendant Carey expressed his concerns about discussing any issue withMr. Pittman orally only.

13.

Mr. Pittman replied that he would inform the Court that Defendants were refusing to respond to discovery; told Defendants to enjoy the rest of the day with their children and hung up the phone.

14.

The Law Offices of Mark A. Carey, P.C. was incorporated in December, 2009, one year after Defendant Mark A. Carey was laid off from an in-house counsel position.

15.

The firm ceased doing business in March, 2010 and closed down by May, 2010 - less than 6 months after opening - after it was discovered that an employee of the firm had embezzled the sum of $85,000.00.

16.

The names and addresses of the investigating police department and the prosecutor's office - as well as the facts surrounding these crimes - were provided to Mr. Pittman both by the Defendants and by Defendants' prior counsel back in 2010.

17.

These facts were brought to the attention of the Attorney General for the State of New York. After a full investigation by that office, Defendants were not required to pay any fine or penalty, no criminal charges were brought against Mark A. Carey or his Firm, and the matter was closed. In short, Mr. Pittman sued the wrong parties.

18.

After the office closed, and in what Defendants believe was an effort by the embezzler(s) to cover tracks, the individual(s) responsible for this case removed from the law offices the Defendants' computer, all files and all records belonging to the firm and to Mark. A Carey.

19.

The Defendants promptly assisted in the both the investigation and prosecution of that individual who was then sentenced to serve a 1-3 year prison sentence and subsequent parole.

20.

By way of example, Defendant Mark A. Carey has had - since 2009 - <u>the same e-mail address</u> that Mr. Pittman has used to exchange emails with me about discovery in this case.

21.

Defendant Mark A. Carey has had <u>the same cell phone number</u> that Mr. Pittman called on August 31, 2011, <u>since February, 2010.</u>

22.

Defendant Mark A. Carey and Mr. Pittman spoke on that cell phone in 2010 when this case was first served. Mr. Pittman knows the number.

23.

In fact, on at least two occasions, Mr. Pittman spoke to my former employees in Georgia and was provided my Georgia address and yet he still kept sending documents to New York.

24.

Defendants did contact the bank and inquire about obtaining copies of bank statements, but was told the request had to be in writing and that it could take several weeks, if not more, to receive those statements.

25.

Defendant Law Office has <u>never</u> owned any property of any kind, does not own any personal property of any kind and has never transferred any property or money (except to clients or employees) to any person or entity at any time, including to The Law Offices of Mark A. Carey, P.C., a Georgia corporation.

26.

Defendants have been <u>unable</u> to file income taxes for 2006 and going forward, BUT that the Defendants are, and have been, in contact with I.R.S. and that no actions are pending against the Defendants as a result of those non-filings. The bottom line is that Defendants cannot produce what they do not have or what does not exist.

27.

Since the Defendant Law Office closed, through to the present, neither it nor its owner, Defendant Mark A. Carey, has performed any collection work for any client.

28.

The corporate entity formed in Georgia -which is not a party to this suit - does not perform collection work either.

Further, Affiant sayeth not.

This 24th day of October, 2011

_____
Mark A. Carey

State of New York
County of Erie
Subscribed and Sworn to before me
this 24 day of October 2011
_____
Notary Public

KATHALEEN M. WADSWORTH
Notary Public, State of New York
No. 01WA6152506
Qualified in Erie County
Commission Expires 9-18-2014

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NOEL BRALLEY,**
**CAROLYN BRALLEY,**
**and**
**BRAXTON BRALLEY,**

                **Plaintiffs,**

                                              Case No. 3:10-cv-138-REP-DWD

**MARK A. CAREY, et al.**

                **Defendants.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October 2011, I served a copy of the foregoing Affidavit of Mark A. Carey upon the Clerk of Court via overnight mail and hereby certify that I will serve the very same copy upon counsel for Plaintiff via facsimile on October 25, 2011 and also serve a copy upon him via U.S. Mail to:

    Dale Pittman
    Elize Spotswood House
    112-A West Tabb Street
    Petersburg, Virginia 23803

                                                  _____
                                                  Mark A. Carey