Original

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

NOV 2 3 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

Plaintiffs,

Case No. 3:10-cv-138-REP-DWD

MARK A. CAREY, et al.

Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF A FINDING OF CONTEMPT AGAINST DEFENDANTS

DEFENDANTS MARK A. CAREY and THE LAW OFFICES OF MARK A.

CAREY P.C. (hereinafter "Defendant Carey" or "Defendant P.C., respectively") and

hereby respond to Plaintiffs' Memorandum In Support Of A Finding Of Contempt

("Memorandum") and shows this Honorable Court that Defendants should not be found

in contempt of this Court's Order of July 26, 2011 (hereinafter "Order") for the following

reasons:

1. Defendants, in light of the documented actions of third party criminal activity,

   have complied with the Court's Order by responding as adequately, fully, and

   completely as possible to Plaintiffs' Post Judgment Discovery within the time

   allotted by Judge Dohnal  in his Order;

RECEIVED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2. Plaintiffs failed to engage in a good faith meet and confer conference before filing

their motion, as required by the Federal Rules of Civil Procedure;

Based on the facts set out below, Plaintiffs' request that Defendants be held in

contempt and imprisoned for their failure to respond to discovery requests should be

denied.

## RELEVANT FACTUAL BACKGROUND

As an initial matter - and just for purposes of clarity - Plaintiffs did not provide

Defendants with a copy of the notebook containing any supporting documents and

references by Tab numbers as alleged by Plaintiffs in the introduction portion of their

Memorandum.

In his Order of July 26, 2011, Judge Dohnal ordered the Defendant Carey

and Defendant P.C. to fully, adequately and to this Court's satisfaction comply with all

pending discovery requests within thirty (30) days of the date of the Order.

On August 23, 2011, Defendants served - within the time permitted - their

respective responses to Plaintiffs' discovery requests, which consisted of sixteen (16)

interrogatories to each Defendant and sixteen (16) requests for production of documents

to each Defendant, for a total of sixty-four (64) discovery requests, some with exhaustive

subparts.

Defendants lodged appropriate general and specific objections to some of the

discovery in the form of both general and specific objections. As set out more fully in

Defendants' previously-filed Representations To The Court and Affidavit of Mark A.

Carey, (ECF No 67 and ECF No 67-2) Defendants made objections only after expressly asking Judge Dohnal whether Defendants could make them and only in reliance upon his grant of permission to do so. Each of the objections is valid, legitimate, and brought in good faith.

Defendants are not, however, relying on whether or not they could object to show that they have responded fully and adequately to Plaintiffs' discovery requests. Defendants are merely showing the Court that the objections were not made in bad faith, were not made in an attempt to avoid or evade responding to Plaintiffs' discovery requests, and were not made in contravention of any Order of the Court.

### I.   PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS REFUSED TO ENGAGE IN A GOOD FAITH EFFORT TO MEET AND CONFER WITH DEFENDANTS PRIOR TO FILING ITS MOTION

Federal Rule of Civil Procedure 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in *good faith* conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action (emphasis added).

Even assuming for the sake of argument (which Defendants dispute) that Plaintiffs' Representation to the Court meets F.R.C.P. 37(a)(1)'s requirement that a motion to compel "...must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Mr. Pittman's one-time telephone call to

Defendants at a time and place that was both inappropriate and inconvenient hardly qualifies as a good faith effort to meet and confer.

On August 25, 2011, Mr. Pittman emailed Defendants asking for a meet and confer that day. Defendants replied via email on or about August 26th, 2011, and provided for Mr. Pittman a date and time for August 30, 2011, thus giving Mr. Pittman several days' notice. Defendants later requested - in an effort to avoid later confusion and also make the conference more productive and efficient - that Mr. Pittman provide Defendants with a brief email outlining Mr. Pittman's objections. August 30th came and went without any contact whatsoever from Mr. Pittman. Defendants followed up with an email on August 31, 2011, confirming that Mr. Pittman had not called or e-mailed on August 31, 2011.

Later that day, August 31, 2011, at approximately 12:30 p.m., Mr. Pittman sent an email indicating he was available at 4 p.m., again on that day.   Due to family obligations, Defendants were not available at that time. At 4:45, Mr. Pittman called Defendant Mark Carey on his cell phone and asked if it was a good time for the meet and confer. Defendant Mark Carey informed Mr. Pittman that he was currently in a Publix grocery store with his children, and thus, not in a position to  meet and confer. Defendant Mark Carey did ask if he (Pittman) had received his email to request to please put his issues in writing before they spoke again.  Mr. Pittman categorically refused to put anything in writing.  Defendant Carey expressed his concerns about discussing any issue with Mr. Pittman orally only.  Mr. Pittman replied that he would inform the Court that Defendants were refusing to respond to discovery; told Defendant to enjoy the rest of the

day with his children and hung up the phone.  Defendant Carey followed up that conversation with an e-mail to Mr. Pittman, stating, *inter alia,* that Defendant Carey was happy to discuss the matter further if Mr. Pittman so wished.  The email was attached as an exhibit to ECF No. 67 and ECF No. 67-2.  Mr. Pittman disputes Defendant Carey's version, but the fact remains that Mr. Pittman never again attempted to contact Defendants, despite Defendants' express indication to Mr. Pittman that it was willing to do. *See* Defendants' Representations To The Court and the Affidavit of Mark A. Carey, (ECF No.67 and ECF No. 67-2).

Plaintiffs filed their Representations To The Court on September 1st, immediately on the day after Mr. Pittman's one-time telephone call to Defendant Carey.  Mr Pittman certifies to this Court that "Plaintiffs have continued to attempt to engage Defendants in a meet and confer process." *See* Plaintiff's Representations to the Court, page 2, previously filed with this Court.

Plaintiffs' certification to the court is erroneous.  Mr. Pittman's only - and last - attempt to meet and confer with Defendant Carey took place on August 31, 2011 just one week after Mr. Pittman first contacted Defendant Carey.  There was no "continued to attempt to engage Defendants" as alleged by M. Pittman in his Representation To The Court.

What the record reveals is a lack of a good faith to engage in a meet and confer on the part of Mr. Pittman.  Ironically, this Court's order requiring Mr. Pittman to outline his objections on each of the discovery requests at issue so that Defendants could properly

respond is the very same, simple request Defendants made of Mr. Pittman back in

August, 2011, which he refused. Had Mr. Pittman outlined his issues back in August,

Defendants could have responded then as they are now, only without the need for court

intervention. *See* Defendants' Representations To The Court and in the Affidavit of Mark

A. Carey. (ECF No. 67 and ECF No. 67-2). It is Defendants' contention that Mr.

Pittman's 4:45 call on a day and time that Defendant was not available - giving only a

few hours advance notice - and his subsequent refusal to contact Defendant at or with a

more convenient time and/or place - does not constitute a good faith effort on his part to

meet and confer to resolve a discovery dispute.

It is Defendant Carey's further contention that he attempted to meet and confer with Mr.

Pittman and attempted to make a good faith effort to resolve any discovery disputes, but

Mr. Pittman would not participate in good faith and refused further efforts to meet and

confer.

### WHERE NOT PREVENTED BY IMPOSSIBILITY, DEFENDANTS HAVE COMPLIED WITH THIS COURT'S ORDER OF JULY 26 , 2011, AND RESPONDED FULLY AND/OR TO THE BEST OF THEIR ABILITY TO PLAINTIFF'S DISCOVERY REQUESTS

### Preliminary Statement

Defendant P.C. was incorporated in December 2009. The firm closed after it was

discovered that an employee or employees had conspired to embezzle $85,000, and did

embezzle, from Defendants. After the office closed, and in what Defendants believe was

an effort by the embezzler(s) to cover his or their tracks, the individual(s) responsible for

this case removed from the law offices - among other things - the Defendants' computer, all files, records and documents belonging to the firm and to Mark. A Carey that were housed in the office. The Defendants promptly assisted in the both the investigation and prosecution of at least one of the embezzlers. Defendants attach a true and correct copy of a letter from the Assistant District Attorney who prosecuted the case as Exhibit A . The letter outlines the numerous charges filed against a former employee of Defendant P.C. including Grand Larceny, Forgery, and Criminal Impersonation. Those crimes are the very crimes that prevent Defendants from fully responding to most of Plaintiff's discovery requests. In other words, those are the "criminal acts of third parties unrelated to this action" that prevents Defendants from responding more fully to Plaintiffs discovery requests. Defendants are not in possession of any documents responsive to Plaintiff's discovery requests. Defendants show that they have responded to Plaintiffs' discovery as best they can and have **not refused** to respond to any discovery requests propounded by Plaintiffs.

In an effort to save time and space, and in an effort to avoid needless repetition, Defendants respectfully request that they be allowed to refer the Court to this Preliminary Statement as necessary for each of the specifically enumerated discovery responses below.

## Discovery Requests To Defendant P.C.

Plaintiffs claim - for each of the discovery requests enumerated in their Memorandum - that Defendant P.C. has refused to respond, provided a non-answer or

failed to provide an adequate answer. Plaintiffs' apparently misunderstand the difference

between an objection to a discovery request and a refusal to respond to a discovery

request. Neither Defendant has ever refused to respond to a discovery request

propounded by Plaintiff. Because Plaintiffs refused to engage in a good faith meet and

confer, and because Plaintiffs' counsel refused to provide Defendants with his objections

to Defendants' discovery responses back on August 31, 2011, Plaintiffs' Memorandum is

the first and only opportunity Defendant has had to even see what problems Plaintiffs

had/have with Defendants' discovery responses.

### Requests For Production of Documents to Defendant P.C. (hereinafter "RFP")

### RFP # 2:

All statements issued since January 1, 2008, by any banking or savings institution
showing the funds held in those institutions by The Law Offices of Mark A. Carey, P.C.


### Response RFP # 2: (previous objection has been omitted for purposes of this response):

Defendant Law Offices of Mark A. Carey, P.C. states "that it is unable to respond
to this Request on the ground that, as a result of the criminal activity of third persons
unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess
any information responsive to this Request. Moreover, Defendant Law Offices of Mark
A. Carey, P.C. is not in business.

This response is a full and legitimate response to the Request. The documents

responsive to this RFP are not in the Defendant P.C.'s possession. Defendant P.C

respectfully refers the Court and Plaintiffs to its Preliminary Statement, set out fully

above.

Defendant P.C. did attempt to obtain its bank records from its inception in 2009.

However, because all of the accounts are all closed, Defendant is unable to obtain the

bank records online. Defendant Carey shows that he requested copies of the records that would be fully responsive to Plaintiffs' RFP, but was informed that it would cost in excess of one thousand dollars ($1,000.00) to obtain the records. See Affidavit of Candice Jozwiak, Assistant Bank Manager and Banking Officer , M&T Bank, Buffalo, New York , attached hereto as Exhibit B (hereinafter "Jozwiak Aff".)

F.R.C.P 26(b)(2)(C) sets out potential limits on discovery:

(C) When Required. **On motion or on its own, the court must** limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (emphasis added)

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Defendants show that; the burden and expense of the proposed discovery outweighs its benefit because Defendant P.C.'s accounts are closed and have zero balances. Moreover, Defendants do not have the financial resources available to it to comply with the RFP. Defendant P.C. hereby asks this court to either accept his legitimate answer or limit this discovery request.

**RFP # 3:**
All tax returns filed by The Law Offices of Mark A. Carey, P.C. with the United States and the State of New York since January 1, 2008.

**Response, RFP #3 (Objections omitted)**

Defendant Law Offices of Mark A. Carey is unable to respond to this Request on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this Request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is not in business.

This is a full and complete response to the best of Defendant P.C.'s ability.

Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement, set out

fully above.

The only tax return the Defendant P.C. needs to file is for tax year 2010, and it has

not yet been filed. The documents necessary for Defendant P.C. to file its corporate

income tax returns are not in its possession due to the criminal actions of those

individuals responsible for the thefts from Defendants.

## RFP #4
All documents showing the names and addresses of all debtors whose accounts The Law Offices of Mark A. Carey, P.C. has had in collection at any times since January 1, 2008, and amounts paid to date and amounts remaining due and owing as to each debtor.

## Response to RFP #4:
Defendant Law Offices of Mark A. Carey, P.C. objects to the time frame of "since January 2008" set out by Plaintiffs in this Request as being irrelevant, unduly burdensome, designed solely to harass this Defendant and not likely to lead to the discovery of admissible evidence.

Plaintiff's counsel represents to this Court that Defendant P.C. has refused to

answer this RFP. Mr. Pittman's representation is inaccurate. There is a distinction

between objecting to a discovery request, and refusing to answer a discovery response.

Defendant P.C. - after obtaining express permission from Judge Dohnal - filed a valid and

good faith objection to this RFP. Defendant P.C. has never refused to respond to this, or

any other RFP.  Had Plaintiff's counsel met and conferred in good faith with Defendant

as required by the F.R.C.P., and Defendant had then informed Plaintiff that it would not

respond, THEN there would be a refusal.  Defendant did not - prior to seeing this

Memorandum - have any knowledge of Plaintiff's specific issues with its discovery

responses.

Notwithstanding the foregoing objection, Defendant respectfully refers the Court

and Plaintiffs to its Preliminary Statement, set out fully above and shows that, in any

event, it cannot comply with this discovery request.

**RFP #5:**
All statements sent by The Law Offices of Mark A. Carey, P.C. to each and every
one of the persons or entities for whom you have performed or agreed to perform any
collection work since January 1, 2008.

**Response to RFP #5: (objections omitted)**
Defendant Law Offices of Mark A. Carey, P.C. is unable to respond to this Request
on the ground that, as a result of the criminal activity of third persons unrelated to this
action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information
responsive to this Request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is
not in business."

Notwithstanding that responding to the RFP would be an ethical violation and a

violation of its clients' right to privacy, Defendant.  Defendant respectfully refers the

Court and Plaintiffs to its Preliminary Statement, set out fully above.

**RFP #11:**
All insurance policies in which The Law Offices of Mark A. Carey, P.C. has an
interest.

**Response To RFP #11:**
Defendant Law Offices of Mark A. Carey respectfully refers Plaintiffs to its
response to Interrogatory No. 1.

This RFP is a repeat of Interrogatory 4(d), which defined "an interest in any insurance policy" as being part of personal property. In its response to Interrogatory 4, Defendant P.C. showed that it did not own any personal property. The "interest in any insurance policy" was included in Defendant P.C.'s response, and thus, Defendant had already stated that it did not own any interest in any insurance policy.

Defendant P.C.'s response to RFP #11 was mistakenly put in its response to RFP #16, wherein Defendant P.C. stated that "there is no insurance policy." Thus there are no documents for Defendant to produce.

**RFP #14:**
All documents that show the transfers that are responsive to Interrogatory No. 1 above.

**Response To RFP #14:**
Defendant Law Offices of Mark A. Carey respectfully refers Plaintiffs to its response to Interrogatory No. 1.

As set out in Defendant P.C's responses to Plaintiff's Interrogatory No. 1, Defendant P.C. stated clearly that it did not own any personal property. If Defendant P.C. did not own any property, it stands to reason that Defendant P.C,. could not - and indeed, did not - transfer any property at anytime. Thus, there are no documents to produce. Defendant has responded fully to this RFP.

**RFP #15:**
All bookkeeping documents that show, since February 29, 2008, The Law Offices of Mark A. Carey, P.C.'s accounts receivable, its payments to owners or corporate officers and its profits.

**Response to RFP #15 (objection omitted):**
  Defendant Law Offices of Mark A. Carey, P.C. is unable to respond to this Request on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this Request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is not in business."

Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement, set out

fully above.

  In short, of the sixteen (16) RFP's propounded to Defendant P.C., Plaintiff took

issue with only seven (7) of Defendant P.C.'s responses.  As shown above, Defendant P.C.

- with one exception - responded to <u>all</u> of the RFP's raised by Plaintiff in its

Memorandum.   The one RFP not responded to, cannot be responded to.

  Plaintiff's contention that Defendant has refused to respond to any RFP is

inaccurate and Plaintiff's request that Defendant P.C. be found in contempt and

imprisoned for its failure to adequately respond to Plaintiffs' RFP's should be denied in

its entirety.

## Interrogatories to Defendant P.C.

**Interrogatory # 4:**
  List all personal property of any kind owned by The Law Offices of Mark A. Carey, P.C. Describe the property, state the nature of the interest in the property, state the current market value, identify any lien holder or secured claimant and the current amount of that lien, and state whether the property is owned solely by The Law Offices of Mark A. Carey, P.C. and, if the property has a co-owner, identify the co-owner. Please itemize separately each of the following types of personal property:
(a) Cash;
(b) Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan and homestead associations or credit unions, brokerage

houses or cooperatives (including any accounts closed since February 29, 2008). For each account or other financial instrument, state the financial institution, account number, entity or person in whose name the account is held and signatories on the account.

(c)     Security deposits with public utilities, telephone companies, landlords and others. Audio, video and computer equipment. List precise location, where each piece of equipment is currently located (by full street address).

(d)     Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.

(f) Itemize.

(g)Annuities. Itemize and name each issuer. Stock and interests in incorporated and unincorporated business.

Interests in partnerships or joint ventures. Itemize.

(h)  nonnegotiable instruments, Government and corporate bonds and other

(i)     Accounts receivable.

(j)     Other liquidated debts owing to The Law Offices of Mark A. Carey, P.C., including tax refunds. Give particulars.

(k)     Equitable or future interests and rights or powers exercisable for the benefit of The Law Offices of Mark A. Carey, P.C. other than those responsive to Interrogatory No. 1 above.

(l)Patents, copyrights and other intellectual property. Give particulars.

(m)Licenses, franchises and other general tangibles. Give particulars.

(n) Mobile homes. List precise location (by full street address) and

Automobiles, trucks, trailers and other vehicles and accessories.

(o) List precise location where vehicle ids customarily parked (by full street address) and VIN.

(p)     Boats, motors and accessories. List precise location where boat is currently harbored or stored (by full street address) and VIN.

(q)     Aircraft and accessories. List precise location where aircraft is currently hangared or stored (by full street address) and VIN. Office equipment, furnishings and supplies. List precise location where each piece of equipment or each furnishing is currently located (by full street address).

(r)     Machinery, fixtures, equipment and supplies used in business. List precise location where each item is currently located (by full street address).

   a.  Other personal property of any kind not already listed. Itemize. List precise location where each item is currently located (by full street address).

## Response to Interrogatory #4

Defendant Law Offices of Mark A. Carey, P.C. respectfully refers Plaintiffs to its response to Interrogatory No. 1.

In short, Interrogatory # 4 asks Defendant P.C. to list all personal property owned

by it. (Subsections (a) - (s) are merely specific examples of the types of personal

property Plaintiff was interested in learning about and are not interrogatories in and of

themselves.) Defendant P.C.'s response to Interrogatory No. 1 was that it "does not own

any property nor does it have a legal or equitable interest in any property" (nor has it

ever). If Defendant P.C. does not own any property or have any legal or equitable interest

in any property, then it stands to follow that it does not have any information responsive

to subsections (a) - (s).

This is a full and complete response to Interrogatory #4.   Defendant P.C. has not

refused to answer this, or any other Interrogatory propounded by Plaintiffs.

**Interrogatory # 5:**
Please identify all transfers by The Law Offices of Mark A. Carey, P.C. of *any property identified in response to the preceding interrogatory,* including but not limited to the date of such transfer, the identity of each transferee and the consideration for each transfer. (emphasis added)

**Response to Interrogatory # 5:**
Defendant Law Offices of Mark A. Carey, P.C. respectfully refers Plaintiffs to its response to Interrogatory No. 1.

In its response to Interrogatory No. 1, Defendant P.C. indicated that it did not own

any property, and therefore, no property was "identified" in the previous Interrogatory.

Thus, Defendant P.C. could not identify any transfers. Defendant P.C. shows that it has

not transferred any property of any kind.

Defendant P.C. fully responded to Interrogatory No. 5.

**Interrogatory #6:**
Please identify all persons or entities for whom you have performed or agreed, either orally or in writing, to perform any collection work since January 1, 2008, including any persons or entities as to whom there existed as of January 1, 2008, an agreement, either oral or in writing, to perform any collection work.

**Response to Interrogatory # 6 (objections omitted):**

  Defendant Law Offices of Mark A. Carey, P.C. shows that it is unable to respond to this Interrogatory on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is not in business."

  Notwithstanding the ethical violations that responding to this Interrogatory would bring about, Defendant P.C. responded fully to the Interrogatory. Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement, set out fully above.

**Interrogatory #7:**

  Please identify all persons or entities whose accounts The Law Offices of Mark A. Carey, P.C. has had in collection at any time since January 1, 2008. Including in your response:

  a. the name of such person or entity;
  b. the home and employment addresses of such person or entity;
  c. the name and address of the creditor to whom the debt is owed;
  d. the name, address and telephone number of your contact person or persons with the creditor;
(e) the amount of the debt assigned to or contracted to you for collection;
  a. the amount paid as of the date of your response; and
  b. the amount remaining due and owing as of the date of your response.

**Response to Interrogatory #7:**

  Defendant Law Offices of Mark A. Carey, P.C. respectfully refers Plaintiffs to its response to Interrogatory No. 6 above.

  For the same reasons as set out in its response to Interrogatory No. 6, Defendant P.C. cannot identify any information responsive to this Interrogatory and thus is unable to respond more fully to Interrogatory No. 7. This is, however, a full and complete response to the Interrogatory.

**Interrogatory #8:**
Identify all executor contracts and unexpired leases, describe the property and the nature of The Law Offices of Mark A. Carey, P.C.

**Response to Interrogatory #8:**
Defendant Law Offices of Mark A. Carey, P.C. respectfully refers Plaintiffs to its response to Interrogatory No. 6 above.

For the same reasons as set out in its response to Interrogatory No. 6, Defendant P.C. cannot identify any information responsive to this Interrogatory and thus is unable to respond more fully to Interrogatory No. 8. Moreover, Defendant has no idea what "describe the property and nature" of Defendant P.C.'s offices means.

**Interrogatory #9:**
If The Law Offices of Mark A. Carey, P.C. holds a lien or security interest in any property, real or personal, describe it and state the amount of its secured claim.

**Response to Interrogatory #9:**
Defendant Law Offices of Mark A. Carey, P.C. shows that it has no lien or security interest in any real or personal property.

Defendant is mystified as to why Plaintiff is requesting Defendant P.C. be held in contempt for its response to Interrogatory No. 9. The response is complete and accurate and was filed without objection.

**Interrogatory #11:**

Identify all bookkeepers, accountants, tax preparers or financial advisors The Law Offices of Mark A. Carey, P.C. employs currently or employed since September 28, 2009.

**Response to Interrogatory #11:**
Defendant Law Offices of Mark A. Carey, P.C. respectfully refers Plaintiffs to its response to Interrogatory No. 1 above. Subject to, and without waving (sic) the foregoing objections, Defendant Law Offices of Mark A. Carey shows that it was only open for a period of four months and did not, to the knowledge of Defendant Law Offices of Mark A. Carey, P.C., employ any such persons responsive to this Interrogatory.

As an initial matter, the reference to Interrogatory No. 1 was in error, as was the

reference to "foregoing objections."  Notwithstanding those errors, Defendant P.C. is not

sure why its response to Interrogatory No. 11 should be cause for a finding of contempt

by this Court.  All responses to discovery are based upon the responder's knowledge.

The reference to "four months" was meant to show that the Defendant P.C. was no longer

in business, and thus could not currently employ any persons responsive to this

Interrogatory.

Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement,

set out fully above and submits that it has responded as fully as possible to this

Interrogatory.

**Interrogatory #12:**
Identify by caption, case number and court all lawsuits in which The Law Offices
of Mark A. Carey, P.C. is or has been the plaintiff, where the lawsuit was filed on or after
January 1, 2008, and state the current status or final resolution of each such lawsuit.

**Response to Interrogatory #12 (objections omitted):**
Defendant Law Offices of Mark A. Carey, P.C. shows that it is unable to respond
to this Interrogatory on the ground that, as a result of the criminal activity of third persons
unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess
any information responsive to this request. Moreover, Defendant Law Offices of Mark A.
Carey, P.C. is not in business."

Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement, set out

fully above.

**Interrogatory #13:**
State the full legal name, as well as any name by which the entity does business,
for all businesses that The Law Offices of Mark A. Carey, P.C. has had any involvements

since January 1, 2008. For each business, state the date of incorporation, the state in which it is incorporated and identify all corporate officers at any time after January 1, 2008.

**Response to Interrogatory #13 (objections omitted):**
        Defendant Law Offices of Mark A. Carey, P.C. shows that it is unable to respond to this Interrogatory on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is not in business."

        Contrary to Plaintiff's assertions that Defendant P.C.,'s response to Interrogatory is

a "non-response", Defendant P.C. shows that its response is full and complete to the best

of its ability. Defendant respectfully refers the Court and Plaintiffs to its Preliminary

Statement, set out fully above. Rather than being a non-response, it is a valid and

legitimate response, but one that Plaintiffs do not want to hear.

**Interrogatory #14:**
        Identify all sources of income for The Law Offices of Mark A. Carey, P.C. forward from January 1, 2008. As applicable, state the exact name of any company and/or identify any person that pays money to The Law Offices of Mark A. Carey, P.C. For regularly received sources of income, state the date(s) on which the monies customarily are sent to The Law Offices of Mark A. Carey, P.C. and identify the account into which the monies are deposited. For each account, state the financial institution, account number, person or entity in whose name the account is held and signatories on the account.

**Response to Interrogatory #14 (objections omitted):**
        Defendant Law Offices of Mark A. Carey, P.C. shows that it is unable to respond to this Interrogatory on the ground that, as a result of the criminal activity of third persons unrelated to this action, Defendant Law Offices of Mark A. Carey, P.C. does not possess any information responsive to this request. Moreover, Defendant Law Offices of Mark A. Carey, P.C. is not in business."

Plaintiffs' assertion that Defendant P.C. "refused to respond" to this Interrogatory

is wholly inaccurate.  Nowhere in its response does Defendant P.C. state that it refuses to

respond.

Defendant did respond - as it must - by telling Plaintiff that it does not possess the

information necessary to respond more fully and explaining why it does not have the

information at its disposal.

**Interrogatory #16:**
For each insurance policy that potentially covers any of the amounts awarded in
this lawsuit, state the name and address of the insurance company that issued the policy
and the policy number.


**Response to Interrogatory #16:**
Defendant Law Offices of Mark A. Carey, P.C. shows that it informed Plaintiffs
back at the inception of this case that it did not and does not have any insurance policy
that would cover this suit."

Contrary to Plaintiffs' assertion, Defendant P.C.'s response is not a qualified one.

If one removes Defendant P.C.'s reminder to Plaintiff's counsel that Plaintiffs' counsel

already knew the answer to this Interrogatory, you are left with "that it [Defendant] did

not and does not have any insurance policy that would cover this suit" which responds

fully to this Interrogatory.

In conclusion,  Plaintiffs' assertions that Defendant P.C. has either not responded

adequately or has refused to respond is simply not true.  For each of the eleven (11)

Interrogatories Plaintiff alleges that Defendant P.C. refused to answer, provided a non-

answer, or provided an inadequate answer, Defendant P.C. has shown that it has

responded as fully as possible under the circumstances. Plaintiffs are not happy with the responses and does not like the responses, but they are responses nonetheless.

Plaintiffs' request that Defendant P.C. be found in contempt and imprisoned for failing to respond to discovery requests should be denied.

## Requests For Production of Documents to Defendant Carey

### RFP #1

Asked Defendant Carey to provide all documents identified in the preceding Interrogatories.

### Response to RFP #1 (objection omitted):

Defendant is not in possession of documents responsive to this Request.

Plaintiff provides no evidence that Defendant Carey has refused to answer or that Defendant Carey has answered inadequately.  Plaintiffs merely regurgitate Defendant Carey's response, and imply that the response is untruthful.

### RFP # 2

Asks for production of Defendant Carey's bank records going back to 2008

### Response to RFP #2 (objections and requests omitted):

Defendant is not in possession of documents responsive to this Request

Plaintiffs provide no evidence that Defendant Carey has refused to answer or that Defendant Carey has answered inadequately.  Plaintiffs merely paraphrases Defendant Carey's response to RFP No. 2. and imply that Defendant is lying.

Defendant respectfully refers the Court and Plaintiffs to its Preliminary Statement, and shows further that it attempted to obtain the records from his bank but that he was unable to obtain them due to excessive cost. *See* Jozwiak Affidavit, ¶'s 3 and 6.

## RFP # 3
Plaintiffs' request asked for tax returns

### Response to RFP #3 (objections and requests omitted):

Subject to and without waiving the foregoing objection, Defendant shows that  he is not in possession of the documents responsive to this Request because returns have not been filed.

Plaintiff provides no evidence that Defendant has refused to answer or that Defendant has answered inadequately.  Plaintiffs merely paraphrases Defendant Carey's prior response to RFP No. 3, stating that [Carey] "asserts that he has filed no tax returns going back to January 1, 2008" and thus implies that DefendantCarey is lying.

Actually, as embarrassing as the admission was, Defendant Carey truthfully asserted that he had not filed returns since January, 2006, not 2008.[1]

## RFP # 4
Plaintiffs asked for documents showing names and addresses of all debtors whose accounts Defendant Carey had in collection since 2008.

### Response to RFP #4 (objections and requests omitted):

Subject to and without waiver of the foregoing objections, this individual Defendant shows that he has not had any accounts in collection at any time AND that he is not in possession of any documents responsive to this Request (emphasis added).

Plaintiff does not provide any evidence that Defendant Carey has refused to answer or that Defendant Carey has answered inadequately.  Instead, Plaintiffs merely paraphrases Defendant Carey's prior response to RFP No. 4

## RFP # 5
Plaintiffs ask for all statements sent by Defendant Carey to each and every one of the persons or entities for whom you have performed or agreed to perform any collection work since January, 2008.

### Response to RFP #5 (objections and requests omitted):

Subject to and without waiver of the foregoing objections, this individual Defendant shows that he has not had any accounts in collection at any time AND that he is not in possession of any documents responsive to this Request (emphasis added).

---

[1]

Plaintiffs provide no evidence that Defendant Carey has refused to answer or that Defendant Carey has answered inadequately.  Instead, Plaintiffs merely paraphrases Defendant Carey's prior response to RFP No. 5

## RFP # 6

Plaintiffs asked for the deed to Defendant Carey's home.

## Response to RFP #6 (objections and requests omitted):

Defendant is not in possession of documents responsive to this Request.

Plaintiff does not provide any evidence that Defendant Carey has refused to

answer or that Defendant Carey has answered inadequately.  Instead, Plaintiffs merely

paraphrases Defendant Carey's prior response to RFP No. 6 and continues his pattern of

not-so-subtly insinuating that Defendants are lying.

## RFP # 7

Asks for copies of insurance policies or titles to motor vehicles owned by Defendant Carey. (Plaintiff asserts RFP #7 is about insurance policies, but Defendant Carey had it as a request for titles to motor vehicles in his responses to the Court.)

## Response to RFP #7 (regardless of which request is correct):

Defendant is not in possession of any documents responsive to this Request.

Plaintiffs provide no evidence to show the response is inadequate, but instead

merely paraphrases Defendant Carey's response to the RFP, and insinuates that Defendant

is lying.

## RFP # 15:

Asks for all bookkeeping documents that show, since 2008, accounts receivable, its payments to owners or corporate officers.

## Response to RFP #15 (objections and request omitted):

Subject to, and without waiving the foregoing objections, this individual Defendant does not own any accounts receivable or bookkeeping documents.

In other words, Defendant Carey is not in possession of these documents

Defendants refer Plaintiffs to its Preliminary Statement. Plaintiffs provides no evidence

that the Defendant's response to this RFP is inadequate or a non-answer.

Plaintiffs have provided no evidence or shown how Defendants' responses to the

foregoing RFP's are inadequate, and therefore, Plaintiffs' request that Defendant be found

in contempt and imprisoned for its alleged failure to respond to Plaintiffs' RFP's to

Defendant Carey should be denied.

## Interrogatories to Defendant Carey

### Interrogatory #3

As set out by Plaintiffs in their Memorandum, this Interrogatory requests information sufficient to "identify each and every bank account in which you have funds, stating each account number, the nature of the account and the balance of the account."

### Response to Interrogatory #3

Defendant shows that he maintains an account at M&T Bank, in Buffalo, New York. It is a personal checking account, no. 9851456021. The balance fluctuates daily.

Defendant respectfully disagrees with Judge Dohnal's assessment that this response is inadequate and shows that the response complies fully with the Interrogatory as propounded by Plaintiffs.

The "Definitions and Instructions" portion of Plaintiffs' First Set Of Interrogatories And Request For Production Of Documents states in relevant part:

1.  Whenever an interrogatory asks for the description or *identification* of a document, such identification shall include...and sufficient information to enable a party to identify it for purposes of a Request for Production of Documents or a Subpoena Duces Tecum (emphasis added).

Defendant Carey has clearly provided the information sufficient enough to enable Plaintiffs to identify it for purposes of a subpoena. Defendant Carey shows this Court that Plaintiffs have <u>already</u> identified this account, obtained permission from this Court to levy the account and, in fact levied the account.

At the time Defendant Carey responded to this Interrogatory, he did not have the benefit of Judge Dohnal's guidance that Defendant provide a range, estimate or a balance as of the date of the response. Defendant Carey set out his good faith reason for not providing the balance in Defendants' Representations to the Court. (ECF No. 67, pages 11-12)

Regardless, Defendant Carey responded to this Interrogatory, if not in fully, certainly adequately for the purposes of the Interrogatory as defined by the Plaintiffs themselves and certainly adequately enough that the imprisonment requested by Plaintiffs should be denied.

**<u>Interrogatory #6:</u>**
Identify all persons or entities for whom you have performed or agreed, either orally or in writing, to perform any collection work since January 1, 2008, including any persons or entities as to whom there existed as of January 1, 2008, an agreement, either oral or in writing, to perform any collection work.

**<u>Response to Interrogatory #6 (objections omitted):</u>**
Defendant shows that he has not performed any work whatsoever other than in his capacity as Mark A. Carey P.C.

This response is not inadequate, but perhaps is, in light of Judge Dohnal's response to it, unintentionally confusing. By way of explanation, Defendant Carey shows that this Interrogatory was sent to him individually, and that his response was meant to indicate that he (Carey) did not practice law freelance - as any entity other than the Defendant P.C. - and did not perform collection work on his own or for anyone else outside of his former firm, Defendant P.C.

By way of further explanation and clarification, Defendant shows this Court that the Georgia based law firm - a wholly separate and independent firm and not a party to this lawsuit - did not practice or handle collection work.  Thus, even if that firm were a party to this suit, there would be no persons or entities to identify.

Lastly, shows this Court that, due to the criminal activities of third persons, he is not in possession of documents, records or other information that would allow him to respond to this Interrogatory.  This is the type of confusion that could have been avoided had Plaintiffs met and conferred with Defendants prior to filing their Motion.

**Interrogatory #7**
Please identify all persons or entities whose accounts The Law Offices of Mark A. Carey, P.C. has had in collection at any time since January 1, 2008. Including in your response:
  a. the name of such person or entity;
  b. the home and employment addresses of such person or entity;
  c. the name and address of the creditor to whom the debt is owed;
  d. the name, address and telephone number of your contact person or persons with the creditor;
(e) the amount of the debt assigned to or contracted to you for collection;
  a. the amount paid as of the date of your response; and
  b. the amount remaining due and owing as of the date of your response.

**Response to Interrogatory #7**
This Interrogatory to Defendant Mark A. Carey, P.C. has been--most likely during the cutting and pasting of Interrogatories to another Defendant--mistakenly included in the Interrogatories to Defendant Mark A. Carey.

Contrary to Plaintiffs' assertion, Defendant Carey did respond to this Interrogatory.

This Interrogatory, included in Plaintiff's Interrogatories to Defendant Carey, was

erroneously addressed to the Defendant P.C. and is identical to Plaintiffs' Interrogatory

No. 7 to Defendant P.C.

Defendant responded to this Interrogatory.

## Interrogatory #14:
Identify all sources of income for you, forward from January 1, 2006. As
applicable, state the exact name of any company and/or identify any person that pays
money to you. For regularly received sources of income, state the date(s) on which the
monies customarily are sent to you and identify the account into which the monies are
deposited. For each account, state the financial institution, account number, person or
entity in whose name the account is held and signatories on the account.

## Response to Interrogatory #14 (objections omitted):
Defendant shows that he does not receive any income from a regular or repeating
source.

Defendant Carey acknowledges that this was not the best response, but shows that,

in any event, he is unable to respond fully to this Interrogatory because he is not in

possession of documents, records or information that would allow him to respond more

fully.  This would have been cleared up in the meet and confer if Plaintiff had, in good

faith, attempted to engage in one.  Defendant Carey does show that he has not had any

clients or sources from back in 2006 going forward that provide him income, regular or

otherwise.

In conclusion, Defendant Carey shows that of the sixteen (16) Interrogatories

propounded to him, Plaintiffs only take issue with four (4).  Of the four, Defendant Carey

has shown that he has responded adequately and with good faith.

Defendants have shown that they are unable to respond more fully than they have.

Sanctions are not appropriate "when it has been established that failure to comply has

been due to inability, and not willfulness, bad faith, or any fault of the non-complying

party." Wilson v. Volkswagon of Am.. 561 F.2d 494. 503 (4th Cir. 1997).   Based on the

foregoing, Defendants show that Plaintiffs request for a finding of contempt and

imprisonment should be denied.

## DEFENDANTS HAVE NOT AVOIDED PLAINTIFFS' ATTEMPTS TO MOVE FORWARD WITH THIS CASE.

In their motion to compel, Plaintiffs' include various statements suggesting that

Defendants' failed to respond to discovery when Plaintiffs claim it was first served and

that Defendants are stonewalling or evading Plaintiffs.  If that were the case, Defendant

Carey would not have telephoned Mr. Pittman on the  very July, 2011, day he was served

with a copy of an Order of this Court and made inquiry as to what the Order was about. If

that were the case, Defendant Carey would not have contacted the Court to make inquiry.

Once Defendant Carey was served, he has been present for all conferences and has

responded in a timely fashion to all discovery and any Orders of this Court.

Even though the Motion For Contempt is based on Defendants alleged refusal to

respond to discovery pursuant to Judge Dohnal's July 26, 2011 Order, Defendants feel it

important to respond briefly to some of those statements.

Defendant Carey stands by his assertion that he was not served with discovery

until after July, 26, 2011.  Very briefly, Defendant Carey did not reside at or receive mail,

or email, at any of the locations set out by Plaintiffs.  Defendants rely on the Affidavit of

Vickie Walker and the Affidavit of Andrea Banderas, attached hereto as Exhibits C and D, respectively.

Plaintiffs set out in great detail - and dedicate much space in their Memorandum – to the various addresses to which they allegedly sent post judgment discovery to Defendants. It appears that none of the discovery was sent certified mail or in any manner that would evidence proof of service upon Defendants.

Defendants cannot say when Mr. Pittman knew or should have known he was sending mail to places at which Defendant no longer resided. Defendant Carey can say only that in his years of practice, when a letter or discovery request of his goes is not responded to, he calls opposing counsel and makes an inquiry.

Once Defendants became unrepresented on November 5, 2011, Defendant Carey essentially became opposing counsel. Plaintiffs could have - and in all likelihood - should have called Defendants directly to discuss any issues. After all, Mr. Pittman has known Defendant Carey's cell phone number since the inception of this case and has known Defendant Carey's email address as well. Despite this knowledge, Mr. Pittman never contacted the Defendants by phone or email. *See* Defendants' Representations To The Court and in the Affidavit of Mark A. Carey. (ECF No. 67 and ECF No. 67-2).

Plaintiffs had other, easy options available to them as well. Defendant P.C. was incorporated in December, 2009. Defendant P.C's registered agent for service is on file with New York State. Plaintiffs never served the registered agent. Similarly, Plaintiffs never attempted the serve the registered agent for service of process for the (separate and

unrelated) Georgia law firm . The information is also available to the public on the Georgia Secretary of State's website.

Plaintiffs' contentions that Defendant Carey or Defendant P.C. appeared in Georgia for a matter related to this case is not accurate. That case had nothing to do with an attempt to serve discovery requests upon either Defendant. Defendants attach a true and correct copy of the docket sheet as Exhibit E.

## CONCLUSION

Plaintiffs request that Defendant Carey be found in contempt and imprisoned until he responds to Plaintiffs' discovery requests. Defendant Carey show this Court that he has responded to Plaintiffs discovery request to the best of his ability and with all of the information at his disposal. Plaintiffs' seek these serious sanctions, despite the fact that Plaintiffs' counsel failed to meet and confer in good faith with Defendants. Plaintiffs' counsel's one attempt while Defendants were not in a position to confer simply does not qualify as good faith. For the reasons set forth above, Plaintiffs' Motion to Compel should be dismissed.

Mark A. Carey

1000 McCoy Dr.
Conyers, Georgia 30094
(716) 880-0747