UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOEL BRALLEY,
CAROLYN BRALLEY,
and
BRAXTON BRALLEY,

                Plaintiffs,



Case No. 3:10-cv-138-REP-DWD

MARK A. CAREY, et al.

                Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NON-COMPLIANCE

NOW COMES Mark A. Carey and The Law Offices of Mark A. Carey, P.C. (hereinafter, "Defendants") and hereby show this Court that Defendants have complied to the best of their ability and to the level required by law.

Defendants rely on their Supplemental Responses (filed by Plaintiffs as exhibits to their Notice of Non-Compliance) as well as the Affidavit of Chet Dietz which was provided to Plaintiffs at the time Defendants sent their Supplemental Responses, but which was not provided to this Court, or referred to, by Plaintiffs when they filed their Notice of Non-Compliance.

Plaintiffs allege that Defendants have either failed to respond - or respond adequately to - Interrogatories 6, 7, 13 and 14. Defendants respectfully disagree, and show this Court the following:

### Interrogatory 6.

Please identify all persons or entities for whom you have performed or agreed, either orally or in writing, to perform any collection work since January 1, 2008, including any persons or entities as to whom there existed as of January 1, 2008, an agreement, either oral or in writing, to perform any collection work.

**Supplemental Response:** Defendant Carey shows that a diligent search has been made, but that he is not in custody, possession or control of any documents or other information that would allow him to respond to this Interrogatory.

### Interrogatory 7.

Please identify all persons or entities whose accounts The Law Offices of Mark A. Carey, P.C. has had in collection at any time since January 1, 2008. Including in your response:
  (a) the name of such person or entity;
  (b) the home and employment addresses of such person or entity;
  (c) the name and address of the creditor to whom the debt is owed;
  (d) the name, address and telephone number of your contact person or persons with the creditor;
  (e) the amount of the debt assigned to or contracted to you for collection;
  (f) the amount paid as of the date of your response; and
  (g) the amount remaining due and owing as of the date of your response.

**Supplemental Response:** Defendant P.C. shows that after a diligent search, it is not in custody of, control of, or possession of documents responsive to this Request. By way of explanation, Defendant shows that actual, physical documents that would show or provide the requested information never existed. Collection accounts - that would show the names and addresses of all debtors whose accounts

the Defendant P.C. had in collection since January, 2008 (there weren't any accounts until December, 2009) - were sent to the Defendant P.C. electronically only, and were uploaded onto a server, which would then disburse the accounts to respective collectors. All information regarding each of those accounts was stored on the server only, and the server was unlawfully removed from the offices of the Defendant P.C. and has not been recovered. Thus, neither Defendant can respond further to this discovery request (**or No. 6 above**) and to discovery requests asking about information that would be stored electronically and/or stored at the offices of Defendant P.C.

Interrogatories 6 and 7 are identical for each Defendant and can be referred to here as a group. Plaintiffs' contention that Defendants have provided no answer is not accurate. Simply put, Defendants have answered to the best of their ability. Defendants explained in detail why it is impossible to respond fully, AND provided an affidavit supporting that contention. As defendants explained, without the information that was contained in and on computers and servers - which included the names and contact information for the clients - Defendant cannot identify any person or entity. The number of accounts held in the office at the time could number in the thousands, and Defendants cannot possibly remember the type of information requested without access to records.

As explained further by Chet Dietz, the individual formerly in charge of Defendant Law Offices' IT operations, neither Defendant can respond properly to

Interrogatories 6 and 7 without the servers or computers. Defendants attach the Affidavit of Chet Dietz as Exhibit A.

It took Defendants a lengthy amount of time to locate and get a response from Mr. Dietz, who now resides in Texas. It was Defendants' hope that Mr. Dietz could assist in providing responses to Plaintiffs' discovery requests but, as he points out in his affidavit, neither he - nor anyone else - can provide responses without access to the information.

For Plaintiffs to suggest to this Court that Defendants have not made any effort to respond to its discovery requests, or that Defendants made no responses at all to Interrogatories 6 and 7, is simply not true.

With respect to Interrogatory 13, Plaintiffs allege that Defendant Law Offices are in non-compliance because it "elected" not to answer. This is inaccurate. Defendant has averred over and over again that it cannot identify its past clients without looking at its files in order to gather the information necessary to identify a person for the purposes of these discovery requests. Defendant does not have actual possession or " the legal right to obtain the document on demand" or even access to the information that would allow a more complete answer. Defendant does not "refuse" to make an answer. Defendant made the only answer it can make, and that is that after diligent search, the Defendant is not in control custody or possession of any document or information that would allow Defendant

to respond in any other fashion. Plaintiffs have not met their burden of showing that the answer is incomplete - they merely allege -without any evidentiary proof - that Defendants have other information.

The United States District Court for the Western District of Virginia found that for purposes of Rule 34, control is defined as actual possession of a document or "the legal right to obtain the document on demand." *Terry v. Modern Investment Co. Ltd.,* 2006 U.S. Dist. LEXIS 58553 *22 (W.D.V.A., Aug 21, 2006) quoting *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir. 1984).
Simply put, Defendants aver that without that information, a different or fuller response is impossible and Defendants are not going to guess or make up a response in order to avoid a sanction or incarceration.

With regard to Interrogatory 14 - sent to both Defendants - Defendants have answered as fully and completely as is possible. Defendants have provided all the documents that they have in their control, custody or possession, (which is what the Rules require) AND Defendants listed all sources of income in its responses. In addition to the bank records Defendants produced for ALL accounts held by either Defendant, whether open or closed, Defendants also provided Plaintiffs with copies of tax returns from 2006, 2007, 2008, 2009, and 2010. While the bank records may not show a source of income, the tax returns do. If there was income from any source, it was declared on Defendants' tax returns with specificity and Plaintiffs are in possession of that information. Despite Plaintiff's beliefs to the

contrary- including allusions to some legal work Defendant may have done in the past for Vandenberg Chase - Defendant has declared all sources of income. Plaintiffs are seeking very serious sanctions. For Plaintiffs to say only that it "appears" that Defendants have not fully answered Interrogatory 14 without offering proof is a rather incredible admission.

In conclusion, Defendants have answered the four Interrogatories Plaintiffs claim are in non-compliance. Plaintiffs have not offered any evidentiary proof - only their beliefs and suppositions - that Defendants are not in compliance with Interrogatories 13 and 14. As to Interrogatories 6 and 7, Defendants have shown that they have answered to the best of their ability and to the level required by law, and that any other answer is impossible under the circumstances. Defendants contend that no sanctions should apply beyond December 6, 2011, when Defendants mailed their discovery responses to Plaintiffs.

Respectfully submitted, this 4th day of January 2012

Mark A. Carey, *pro se*

1000 McCoy Dr.
Conyers, GA 30094
716-880-0747

## AFFIDAVIT OF CHET DIETZ

Personally appeared me, the undersigned officer duly authorized to administer oaths, came Chet Dietz who, first being duly sworn, on oath deposes and states as follows:

1.

I am a citizen of the United States of America and 18 years of age or older.

2.

I currently reside at 10616 Big Thicket Drive Austin Texas 78747 in Travis County, Texas.

3.

I am competent to testify in a court of law and am familiar with - and have reviewed - both the Complaint filed in the matter of Bradley v. Carey, et al., as well as the discovery requests propounded in the case and, if called to do so would testify as specified herein.

4.

At all relevant times hereto, I set up and performed all IT services for the Law Offices of Mark A. Carey at 338 Harris Hill Road, Suite 100, Williamsville, New York, 14221, and have been an IT professional in the collection industry for fifteen (15) years.

5.

There were never any physical/paper files, records, documents or any other information for any collection accounts in existence at the Law Offices Of Mark A. Carey, P.C.

6.

All collections accounts, data and information were sent to the office electronically and stored on a server, where the data is then "organized" and distributed electronically to respective collectors.

7.

I was present with Mr. Carey in the law office - to see if we could salvage anything - after it was discovered that the server, routers, computers, and other equipment had been removed from the premises.

8.

I was present with Mr. Carey when we went through his office and can testify that all the filing cabinets and drawers where he kept all containing all of his client files and records had been emptied and removed as well.

9.

Without the server, it is impossible to provide for anyone the type of information sought by the Plaintiffs, such as - for example - identification of any consumers or any specific account data or information (the information sought by Plaintiffs in Interrogatories #6 and #7 to each Defendant and in Request for Production #4 to each Defendant).
Further, Affiant sayeth not

This 6th day of December, 2011

*Chet Dietz [signature]*

Chet Dietz

Gojko Bjelobrk
Notary Public
State of Kansas
My Commission Expires 09/19/15

*[notary signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NOEL BRALLEY, CAROLYN BRALLEY and BRAXTON BRALLEY, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE<br>)<br>) NO. 3:10-CV-138-REP |
| v. | )<br>) |
| MARK A. CAREY, ET AL., | )<br>) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in the foregoing matter with the foregoing Defendants Response To Plaintiffs' Notice Of Non-Compliance via U.S. mail, properly addressed as follows:

Dale W. Pittman
112-A West Tabb Street
Petersburg, Virginia 23803
This 4th day of January, 2012.

_____
MARK A. CAREY
Pro Se

1000 McCoy Drive
Conyers, Georgia 30094
(716) 880-0747

1000 Massey Dr
Canton, GA 30114

U.S. District Courthouse
701 E. Broad St.
Richmond, VA
23219

U.S. MARSHAL - CTD

North Metro postmark