

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


NOEL BRALLEY, et al.,

          Plaintiffs,           Civil Action No. 3:10cv138

v.


MARK A. CAREY, et al.,

          Defendants.


**MEMORANDUM OPINION**

This matter is before the Court to assess whether Defendant Mark A. Carey ("Carey" or the "Defendant") remains in contempt as determined by this Court's December 1, 2011 Findings of Fact and Conclusions of Law and Order (Docket No. 80). The Defendant[1] has filed a Notice of Compliance (Docket No. 82) and the Plaintiffs have filed a Notice of Noncompliance (Docket No. 83). Both parties have also supplemented their respective notices (Docket Nos. 84, 85). For the reasons set forth herein, the

---

1 Defendant Carey filed the Notice on behalf of himself and his co-defendant, The Law Offices of Mark A. Carey, P.C. In its Findings of Fact and Conclusions of Law and Order, the Court found that Defendant Carey was in contempt of court, but made no such finding as to The Law Offices of Mark A. Carey, P.C. Accordingly, the Court need not address the conduct of The Law Offices of Mark A. Carey, P.C., and shall refer solely to Defendant Carey whenever reference is made to the singular Defendant.

Court finds that Defendant Mark A. Carey complied with the Court's post-judgment discovery Orders on December 6, 2011. Accordingly, his period of contempt lasted from December 1, 2011 through and including December 6, 2011, for a total of six (6) days. For that period of contempt, the Defendant is assessed a fine of one-thousand two-hundred fifty dollars ($1,250.00).

## I. BACKGROUND

On December 1, 2011, this Court found the Defendant in civil contempt for his failure to abide by a series of post-judgment discovery Orders entered in this case.[2] In its Order, the Court issued a schedule of increasing daily fines to be imposed while the Defendant remained in contempt, to be followed by incarceration for any continuing noncompliance. The Order also permitted the Defendant to inform the Court of subsequent compliance by notice and directed the Plaintiff to provide the Court with notice of noncompliance if the Defendant failed to comply before the fine schedule terminated.

On December 6, 2011, the Defendant sent supplemental discovery responses to the Plaintiffs and notified the Court that he had done so. The Defendant included the following

---

2 The events leading up to the finding of contempt are not relevant to the issue now before the Court and, accordingly, the Court will not set forth those facts in this Memorandum Opinion. Such facts may be found in the Court's December 1, 2011 Findings of Fact and Conclusions of Law and Order (Docket No. 82).

documents with the supplemental discovery responses: (1) copies of all bank statements for all bank accounts held by either Defendant between January 2008 and November 30, 2011, regardless of whether the account remains open or closed; (2) copies of recently filed federal and New York state tax returns for the years 2006 through 2010; (3) a signed copy of Internal Revenue Service Form 4506; (4) a copy of a letter from Assistant District Attorney Brian Dassero; and (5) an affidavit from one Chet Dietz concerning electronically stored information formerly in the Defendant's possession. On December 8, 2011, the Defendant informed the Court of the supplemental discovery responses in his Notice of Compliance, asserting that by providing those responses, he has now complied with the Court's previous discovery orders.

On December 29, 2011, the Plaintiffs filed their Notice of Noncompliance, arguing that the Defendant's supplemental discovery responses did not fully comply with the Court's discovery orders. Specifically, the Plaintiffs argue that the Defendant's answers to Interrogatory Nos. 6, 7, 13, and 14 remain deficient. However, the Plaintiffs have not challenged the Defendant's assertion that he has, in fact, provided each of the documents that he has now identified.

With regard to Interrogatories 6 and 7, both ask for

3

information about the Defendant's previous clients for whom he has performed "any collection work since January 1, 2008." (Notice of Noncompliance at 1-2.) The Defendant has submitted the affidavit of Chet Dietz ("Dietz"), the person who formerly managed his electronic records. (Def.'s Resp. to Pl.'s Notice of Noncompliance ("Def.'s Resp.") Ex. A ("Dietz Aff.") at ¶ 9.) The Defendant has investigated the accessibility of his electronically stored records by interviewing Dietz. According to Dietz, all of the computer servers were stolen from The Law Offices of Mark A. Carey, P.C., and without those servers, "it is impossible to provide for anyone the type of information sought by the Plaintiffs." (Id. at ¶¶ 5-9.) Although the Plaintiffs do not challenge this assertion, they argue that the Defendant has "chosen a course of making no effort whatsoever to identify" any former clients by memory. (Notice of Noncompliance at 2.)

Interrogatory No. 13 asks the Defendant to respond to the following question:

> State the full legal name, as well as any name by which the entity does business, for all businesses that The Law Offices of Mark A. Carey, P.C. has had any involvement since January 1, 2008. For each business, state the date of incorporation, the state in which it is incorporated and identify all corporate officers at any time after January 1, 2008.

(Notice of Noncompliance at 3.) The Plaintiffs argue that

4

"[s]ome information as to [this interrogatory] exists in human knowledge and memory." (Id.) However, the Defendant asserts that he cannot provide any of this information without the computer files located on his stolen server. (Def.'s Resp. at 4.)

The same basic arguments emerge with respect to Interrogatory No. 14. This interrogatory broadly seeks information about all sources of income since January 1, 2008. (Notice of Noncompliance at 3.) The Defendant answered that there exist "various, one-time individual clients" who may have been a source of income during the relevant time, but that "after a diligent search," the records of such clients are no longer available. (Id.) However, the Plaintiff has identified Vandenberg Chase & Associates ("VCA"), a collection company for which the Defendant (through his law firm) had provided legal services at some point in time.

Based solely on the alleged deficiencies set forth herein, the Plaintiffs ask the Court to issue an order directing the United States Marshal Service to arrest Defendant Carey and confine him until he more fully answers Interrogatory Nos. 6, 7, 13, and 14. On the other hand, the Defendant asserts that he has complied with all outstanding discovery orders effective December 6, 2011, and that no further fines should be assessed

5

after that date and that he should not be arrested.

## II. STANDARD OF REVIEW

The Court possesses inherent authority to exercise civil contempt powers and such authority extends to situations in which a Magistrate Judge's orders are violated.  28 U.S.C. § 636(e); Stotts v. Quinlan, 139 F.R.D. 321, 323 (E.D.N.C. 1991) (citing Ex Parte Robinson, 86 U.S. 505, 510 (1873)).  Fed. R. Civ. P. 37 (b)(2)(A)(vii) specifically provides for "treating as contempt of court the failure to obey any [discovery] order." The remedial purpose of civil contempt is designed "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004) (citation and internal quotation marks omitted).

## III. DISCUSSION

Because civil contempt proceedings are coercive, not punitive, it is appropriate for the Court to relieve the contemnor of any further sanction once he has become compliant. See Cromer, 390 F.3d at 821.  Here, the Defendant has been found in contempt for his failure to abide by several post-judgment discovery orders.  Simply put, the Court must now determine whether the Defendant's recent supplemental discovery responses satisfy his outstanding discovery obligations.  The Court finds

6

that they do.

The Plaintiffs challenge the sufficiency of Interrogatory Nos. 6, 7, 13, and 14 by focusing primarily on the narrative answers that the Defendant provided in response. In so focusing their analysis, the Plaintiffs fail to address whether the Defendant's reference to recently supplied documents satisfies his obligation. Pursuant to Fed. R. Civ. P. 33(d), the Defendant is entitled to answer an interrogatory with reference to documents provided. The option to answer interrogatories in this manner is not permitted where it would impose an additional burden on the party seeking discovery. However, the Plaintiffs here have not argued that they suffer any additional burden as a result of the Defendant answering in this way. Moreover, the Plaintiff has not identified what information, if any, is absent from the documents referenced. The Court could end its analysis here, finding that Carey properly answered the subject interrogatories by reference to documents.

Several other aspects of the Plaintiff's interrogatories suggest to the Court that the Defendant has complied to the best of his ability. First, each request asks for information that is well-beyond the "human knowledge and memory," such as formal legal names, dates of incorporation, addresses, and corporate officer lists. (Notice of Noncompliance at 3.) In addition,

each request is limited in time to the period of January 1, 2008

to the present.   It is possible that, even if Carey could recall

the name of a particular client, he might not recall whether his

representation of that client occurred before or after January

1, 2008.   Finally, with respect to Interrogatory Nos. 6 and 7,

it is significant that the Plaintiffs did not ask for the

identity of clients[3] generally, but specifically inquired about

"collection work."   (Notice of Noncompliance at 2.)   While it

might be implausible that the Defendant would forget the name of

every former client, it is possible that he might not recall for

which clients he provided collection services.

The example of VCA serves to illustrate the point.   The

Plaintiffs emphasize that Carey once provided legal services for

VCA, but they have provided no evidence that such services were

"collections work," as the Plaintiffs describe it.   (Notice of

Noncompliance at 3-4.)   Although VCA is allegedly a collections

---

3 The Court has previously noted that the Defendant waived any
objections to the Plaintiffs' discovery requests.   (Findings of
Fact and Conclusions of Law and Order at 2.)   However, the Court
notes that any objection on the basis of attorney client
privilege shielding information about Carey's clients, or that
such information was protected by Carey's duty of
confidentiality, could be waived only by Carey's clients.   See,
e.g., F.C. Cycles Int'l v. Fila Sport, S.p.A., 184 F.R.D. 64, 75
n.9 (D. Md. 1998) (citations omitted).   Although the Court need
not reach the issue to resolve the matter now before the Court,
it cautions counsel for the Plaintiff not to needlessly delve
into the nature of Carey's representation of former clients.

agency, it is possible that Carey's representation involved something else entirely, such as corporate advice.

It also cannot be said that Carey has failed to undertake any diligent efforts to comply with his obligations since the Court found him in contempt. He has produced both banking records and tax returns and the Plaintiffs do not dispute that these documents are now available to them. As for the additional information sought by the subject interrogatories, Carey has contacted his former computer technician, Dietz, and secured his affidavit. Carey undertook this effort despite the fact that Dietz has relocated to Texas and no longer works for the Law Firm of Mark A. Carey, P.C. Although these efforts should have been undertaken prior to the Court finding Carey in contempt, the efforts are reasonable all the same.

Finally, the Plaintiffs argue that Carey's failure to recall any specific collections clients demonstrates a failure to supervise the non-attorney staff in his office, as required by applicable state bar ethics rules. See Va. R. Prof. Cond. 5.3(c)(2); N.Y. R. Prof. Cond. 5.3(b)(2)(ii); Ga. R. Prof. Cond. 5.3(b). However, any breach of Carey's ethical obligations is a separate matter from the issue of his contempt before this Court. In fact, Carey's failure to properly supervise non-lawyer support staff tends to support his argument that his

9

files were stolen by a staff member and that he was not sufficiently familiar with his collection clients to identify any by memory. Without concluding that any ethical violation occurred, the Court concludes that Carey so neglected his supervisory responsibilities that he cannot answer the interrogatories from memory.

## IV. CONCLUSION

Carey answered Interrogatory Nos. 6, 7, 13, and 14 by reference to his recently provided documents, as he is permitted to do pursuant to Rule 33(d). The Plaintiffs have failed to demonstrate how an answer made pursuant to Rule 33(d) is inadequate in this case. In addition, the answers to interrogatories provided under these circumstances appear to be the best answers that the Defendant can articulate. Accordingly, Defendant Carey has complied with all outstanding discovery obligations as of December 6, 2011, and is therefore relieved of this Court's contempt order effective on that day.

Defendant Carey remains subject to a fine of two-hundred fifty dollars ($250) for each day in which he remained in contempt. The Court's contempt sanction imposed a fine of two-hundred fifty dollars ($250.00) per day for the first week of contempt, beginning on the day after the Order was entered (i.e. December 2, 2011). The Court has now found that Carey became

10

compliant with the Court's Orders effective December 6, 2011. Thus, Carey was in contempt for five (5) days, amounting to a total fine of one-thousand two-hundred fifty dollars ($1,250.00). He shall satisfy the outstanding fine by payment to the Clerk of this Court no later than sixty (60) days from the date of the entry of the Court's Order releasing him from the finding of contempt.

An appropriate Order shall issue.

/s/       *REP*

Richmond, Virginia
Date: ___February 2, 2012___

Robert E. Payne
Senior United States District Judge